(No. 18658.—Judgment affirmed.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ANDREW LEGGIO, Plaintiff in Error.

*Opinion filed April 21, 1928.*

1. CRIMINAL LAW—*stenographer may read from notes taken of defendant's admissions.* Admissions made by a defendant when questioned by the State's attorney after his arrest may be testified to by one who was present and heard the statements where there is no claim that they were not made voluntarily, and a stenographer who was present and took notes of the questions and answers may be permitted to read from the stenographic notes.

2. SAME—*what is not larceny as bailee—variance.* Under an indictment charging larceny of an automobile which was in storage in a public garage, the fact that the proof shows the car was stolen by an employee of the garage owner does not establish the crime of larceny as bailee and that there is therefore a fatal variance, as the car, when in storage, was in the possession of the garage owner, and the relationship of bailor and bailee is not applicable to the employee.

3. SAME—*what sufficient to prove ownership of property stolen.* The exact state of the title of stolen property is not material in a prosecution for larceny except that it must have been in someone other than the defendant, and evidence of possession is ordinarily sufficient proof of ownership where there is no evidence presented questioning the right of property.

WRIT OF ERROR to the Circuit Court of Winnebago county; the Hon. ARTHUR E. FISHER, Judge, presiding.

NORTH, LINSCOTT, GIBBONEY & NORTH, (C. H. LINSCOTT, of counsel,) for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, WILLIAM D. KNIGHT, State's Attorney, JAMES B. SEARCY, and ALFRED B. LOUISON, for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

An indictment was returned by a grand jury at the October term, 1927, of the circuit court of Winnebago county, charging Andrew Leggio (hereafter referred to as defend-

ant) with the larceny on December 8, 1924, in the city of
Rockford, of one Stephens sedan automobile, the property
of Del Rhodes. A trial was had at the same term of court
before a jury, and a verdict was rendered finding defend-
ant guilty as charged in the indictment. Motions for new
trial and in arrest were overruled and the court entered judg-
ment upon the verdict, sentencing defendant to the Pontiac
Reformatory for a period of from one to ten years. The
case has been brought here by writ of error to review the
judgment.

There was no evidence presented on the trial in behalf
of the defendant. The State's evidence consisted of the
testimony of Sidney Warshawsky, the owner of the public
garage in Rockford where the automobile was in storage at
the time of the theft; of a court reporter who took steno-
graphic notes of questions, and the answers thereto, as pro-
pounded to defendant by an assistant State's attorney in
the latter's office in Winnebago county on or about May 6,
1927, which was shortly after defendant had been brought
back to Rockford after being arrested in Houston, Texas;
and of the deputy sheriff who arrested the defendant. The
proof disclosed the following material facts: Warshawsky
purchased a public garage in Rockford during 1923, which
he operated under the name of Warshawsky Auto Supply
and Midway Garage. He carried on the usual garage busi-
ness, doing repair work, selling gas and oil, and taking care
of day and night storage of cars as well as storage by the
week and month. Del Rhodes, the proprietor of the Black-
hawk Hotel, had kept his Stephens sedan automobile at the
Warshawsky garage for about six or seven months, driving
it in and taking it out from time to time whenever he or his
son cared to do so. The account for the storage of the
car, which was on the books of the garage in the name
of Rhodes, was paid by him, and the car at the time was
worth $600 or $700. Defendant was employed at the ga-
rage when Warshawsky bought the business and his ser-

vices as night man were continued. His duties were to take care of the storage of cars, do repair work, sell gasoline, etc. He left the garage during the night of December 7, 1924, and was not again seen in Rockford until returned there by a deputy sheriff in May, 1927. The Stephens sedan was also missing from the garage after defendant left. From the admissions made by defendant in 1927, as testified to by the court reporter from her stenographic notes, it appears that he was then twenty-one years of age; that he left the garage during the early hours of December 8, 1924, taking with him the Stephens sedan, which he drove to Chicago; that from there he drove it to New Orleans, where he sold it; that he then went on to Houston, Texas, where he stayed until he was arrested, during the latter part of April or early part of May, 1927.

The brief of defendant states that a short time prior to the time of the trial the owner of the stolen car removed to the State of Indiana and his testimony was not available on the trial. Counsel for defendant volunteered the statement that after his arrest and return to Rockford he paid or settled for the stolen car, and further state the ownership of the car alleged to have been stolen was not properly proven.

The errors assigned are, that the court erred (1) in the admission of improper testimony on behalf of the State; (2) in refusing to grant a new trial because of a variance between the indictment and proof, in that the indictment was at common law for larceny and the proof showed larceny as bailee; and (3) in giving the fourth, fifth and sixth instructions for the State.

The testimony of the court reporter, as disclosed by the abstract, was composed entirely of what happened in the office of the State's attorney of Winnebago county on May 6, 1927, which was almost two and one-half years after the alleged theft had been committed but just a short time after defendant had been arrested and brought back to

Rockford. The assistant State's attorney interrogated defendant at that time in the presence of a deputy sheriff. It is contended that no showing was made that the witness could not remember what took place at the time, and hence there was no occasion for her to read from her stenographic notes; that the examination was conducted as if to impeach a witness who had already testified; that many questions were leading and suggestive; that defendant had not been advised of his rights before making any of the alleged admissions, and his constitutional rights had therefore been infringed upon. While testimony of the alleged admissions might have been introduced without any reference to the stenographic notes, yet if the notes are authentic and as originally taken, there would, in any case, be less likelihood of error in the evidence given by the witness. There was no claim made in the trial court that defendant had not been advised of his rights or did not know what his rights were, neither was there any objection to the introduction of the testimony on the ground that the statements were made involuntarily or under any promise or hope of immunity. In the absence of any such showing defendant's rights could not have been seriously prejudiced.

There was no variance between the indictment and proof. The facts show defendant was a night employee at the garage, and it was Warshawsky, the proprietor, who had the arrangement with and who received the pay from Rhodes for the storage of the latter's car. The car, while in the garage, was in the possession of the garage owner, and the defendant, when on duty at night as an employee, merely had the property in his care or custody, hence there could have been no relationship of bailor and bailee applicable to defendant.

Objection is made to the fourth, fifth and sixth instructions given on behalf of the People. It is unnecessary to set out the instructions in detail. The fifth instruction was one attempting to more clearly define the term "reasonable

doubt." It was not a long instruction nor did it contain language as objectionable as some instructions upon the same subject and which have been condemned by this court. However, there was no need of such an instruction being given in this case or any other case. This court has well said in *People* v. *Johnson,* 317 Ill. 430: "It is difficult to find a plainer or more explicit definition of reasonable doubt than the words themselves, and efforts to do so usually result merely in an elaboration of language without any corresponding amplification of the idea." The fourth instruction is said to assume the ownership of the car to have been in Del Rhodes, and the sixth instruction is complained of chiefly because it assumes to place upon defendant the burden of proving, beyond a reasonable doubt, the ownership of the automobile stolen. We do not think either instruction subject to the objections made. The proof offered was that the car had been in storage at the garage for some six or seven months prior to its theft; that it was brought into the garage from time to time and driven out again by either Rhodes or his son, and the bill for storage on the car was paid for by Rhodes. There was no evidence contradicting Rhodes' right of possession or ownership of the automobile. The exact state of the title of stolen property is of no particular concern of the thief, except that it must have been in someone else, hence evidence of possession is ordinarily sufficient proof of ownership. (17 R. C. L. par. 72, p. 67.) Possession, with general acts of ownership, is sufficient to warrant a verdict where there is no evidence presented questioning the right of property. (*Barnes* v. *People,* 18 Ill. 52.) In *Quinn* v. *People,* 123 Ill. 333, it was held that the mere taker of an estray animal is a sufficient owner from whom the animal could be stolen.

The record contains no errors of a serious nature whereby the rights of defendant have been affected, and the judgment of the trial court will therefore be affirmed.

*Judgment affirmed.*