(No. 33899.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE PETER TREFONAS, Plaintiff in Error.

*Opinion filed June 15, 1956—Rehearing denied September 24, 1956.*

Sydney R. Marovits, of Chicago, (Richard H. Devine, of counsel,) for plaintiff in error.

Latham Castle, Attorney General, of Springfield, and John Gutknecht, State's Attorney, of Chicago, (Fred G. Leach, Edwin A. Strugala, Irwin D. Bloch, John T. Gallagher, Rudolph L. Janega, and William L. Carlin, of counsel,) for the People.

Mr. Justice Maxwell delivered the opinion of the court:

George Peter Trefonas, plaintiff in error, hereinafter called defendant, along with two other persons, was charged with larceny and accessory after the fact of larceny by the grand jury of Cook County in an indictment filed in the criminal court of Cook County at the July, 1954, term. The three entered pleas of not guilty and were tried jointly. Defendant was convicted, after waiver of trial by jury, of the offense of larceny and the value of the property was found to be $10,000. Motions for new trial and arrest of judgment were overruled. Thereafter defendant was sentenced to the penitentiary.

By writ of error defendant seeks to review the judgment of conviction, the principal errors assigned being the court erred in admitting incompetent evidence; the People did not prove the *corpus delicti* of the crime of larceny beyond a reasonable doubt; the People did not prove venue beyond a reasonable doubt; defendant did not receive a fair trial because of the indicated hostile attitude of the trial judge toward the defendant; the evidence does not prove the defendant guilty beyond a reasonable doubt.

Upon the trial evidence was introduced by the People to show that on April 1, 1954, Hiram Walker & Sons, Peoria, Illinois, shipped collect to Chicago, via Decatur Cartage Company, 875 cases of whiskey and 51 cases of wine. The trailer, No. 30198, containing the merchandise arrived at the Chicago yard of the cartage company the following day. Two days later the Chicago police were notified by the cartage company of the disappearance of trailer No. 30198 containing the whiskey and wine. Later the same day, the missing trailer was found abandoned and empty with the name "Decatur" painted out with black paint. Subsequently 544 cases of whiskey and 51 cases of wine were recovered by the cartage detail of the Chicago police.

It was incumbent upon the People to prove that the larceny was of cases of whiskey and wines received by Decatur Cartage Company from Hiram Walker & Sons in Peoria, Illinois, on April 1, 1954; that trailer No. 30198 containing the said whiskey and wines entered the Decatur Cartage Company lot in Chicago, on April 2, 1954. The evidence on these points is that of Albert J. Evenson, general claim agent for Decatur Cartage Company, who testified for the People. On direct examination he produced a memorandum, People's group exhibit No. 1, and testified the memorandum was made under his direction and supervision by a third party employee in the due course of business. On page 3, column 2, on the 18th line from the top are the pencil figures "30198" with a circle around them. Evenson testified that People's group exhibit No. 1 indicated that the load on trailer No. 30198 came on the cartage company lot in Chicago on April 2, 1954.

When asked if he had any records with him to show what the load was on trailer No. 30198 on April 2, 1954, Evenson produced Decatur Cartage Company delivery receipt No. 815444 dated April 1, 1954, showing consignor to be Hiram Walker & Sons, Peoria, Illinois. The delivery receipt, identified as People's exhibit 2, indicated that on April 1, 1954, Decatur Cartage Company had received from consignor at Peoria, Illinois, 875 cases of whiskey and 51 cases of wine in trailer No. 30198. Evenson was asked a question or two regarding the delivery receipt when counsel for defendant objected asserting that the document was the best evidence. Whereupon the People offered People's exhibit 2. Counsel for defendant then objected to it until he had the right to cross-examine.

Evenson next identified a manifest of a liquor shipment, People's exhibit 3, as another record of the articles that were on trailer No. 30198. Thereafter the People offered People's exhibits 1, 2 and 3. Counsel for defendant said, "We object to them at this time, until we have a right to

cross-examine." Whereupon the court said, "subject to the right of cross-examination, they may be received in evidence."

Direct examination of Evenson continued. He produced a work sheet, prepared by him, showing the loss sustained by a comparison of the serial number figures on the manifest, People's exhibit 3, and a list of serial numbers of recovered cases of liquor as given him by the police. The People offered the work sheet in evidence as People's exhibit 4. Counsel for defendant said, "The same objection, subject to cross-examination." The trial court said, "It may be received, subject to cross-examination."

At the conclusion of the direct examination of Evenson, counsel for defendant cross-examined him. No other witness testified regarding the four exhibits. No evidence was offered to show by whom they were made or any attempt made to explain the nonproduction of the person or persons making them. There was no objection by defendant to Evenson's testimony or to the admissibility of People's exhibits 1, 2, 3 and 4 at the conclusion of the cross-examination of Evenson or at any subsequent period of the trial.

It is a general rule in Illinois that where the party who makes entries in the due course of business is living and sane and not permanently out of the State, such entries must be proved by him to have been made and that they are correct and true entries before they can be admitted as evidence, as between third parties, as proof of the facts therein stated. (2 Jones on Evidence, sections 319, 320; *People* v. *Geister,* 289 Ill. 249; *People* v. *Vammar,* 320 Ill. 287). By section 9 of article II of the constitution of 1870 it is provided that in all criminal prosecutions the accused shall have the right to meet the witnesses face to face.

Defendant, citing the above-mentioned general rule and constitutional provision, now contends the court erred in

admitting Evenson's testimony with reference to the loss, the serial numbers given Evenson by the police officers and People's exhibits 1, 2, 3 and 4. He urges that this evidence was hearsay and incompetent, its admission improper and most prejudicial to the defendant. An examination of the record discloses, however, that there was no objection made to its introduction.

The function of the objection is, first, to signify there is an issue of law, and, secondly, to give notice of the terms of the issue. An objection to the admission of evidence, to be available, must be made in apt time, or it will be regarded as waived. The general rule is that the admission of incompetent evidence must be objected to, if at all, at the time of its admission. Objections to evidence should designate the particular testimony considered objectionable and point out the objectionable features complained of. Failure to make proper and timely objection to the admission of evidence claimed to be incompetent or otherwise objectionable or to move to strike it out after its admission, giving specific reason for the objection or motion to strike out such evidence generally constitutes a waiver of the right to object and cures the error, if any. Likewise, objection to the admission of other secondary evidence or the contents of a written instrument or record is waived by failure to object that it is not the best evidence. A party cannot sit by and permit evidence to be introduced without objection and upon appeal urge an objection which might have been obviated if made at the trial.

While the accused has the right to insist that only competent evidence shall be introduced against him, yet he may waive such right and does do so by failure to interpose in apt time proper objections. (*People* v. *Jennings,* 298 Ill. 286; *Simons* v. *People,* 150 Ill. 66.) Objections to evidence may be waived even though based on constitutional grounds for the defendant may by a plea of guilty or a confession

waive the production of all evidence of his guilt. *People* v. *Schultz-Knighten*, 277 Ill. 238.

Defendant having failed to make any objection and thereby obtain a ruling of the trial court as to the admissibility of the testimony of Evenson and the four exhibits, we are precluded from examining the question.

The second assignment of error by defendant is that the People did not prove the *corpus delecti* of the crime of larceny beyond a reasonable doubt. The testimony of the general claim agent for Decatur Cartage Company, together with People's exhibits 1, 2, 3 and 4, established that the property was in possession of the cartage company, that it was on their trailer No. 30198 and that it was entrusted to them. Defendant made no objection to this proof and did not offer any evidence contradicting Decatur Cartage Company's right of possession or ownership of the property. Special ownership or interest in or possession of property is sufficient to prove ownership as against a party charged with larceny, (*People* v. *Fitzgerald*, 297 Ill. 264; *People* v. *Picard*, 284 Ill. 588; *Aldrich* v. *People*, 224 Ill. 622; *Flanagan* v. *People*, 214 Ill. 170; *Smith* v. *People*, 115 Ill. 17) especially where there is no proof to the contrary. *People* v. *Leggio*, 329 Ill. 514; *People* v. *Gordon*, 5 Ill. 2d 91.

For a third assignment of error defendant contends that the People did not prove venue beyond a reasonable doubt. The representative of the cartage company who testified to the theft and identification of the contents of the trailer stated that all that he had related took place in Chicago, County of Cook, Illinois. We are of the opinion that the record is not open to this objection.

The fourth assignment of error by defendant is against the conduct and methods of the trial judge. Defendant contends he did not receive a fair and impartial trial as guaranteed by the constitution of the State of Illinois be-

cause of the indicated hostility of the court toward him. A defendant in a criminal case who waives a trial by jury and submits his rights and liberty to the trial judge is entitled to the same fair, patient, and impartial consideration he would be entitled to by a jury composed of fair, impartial, careful and considerate jurors. Whether it be a trial before jury or one where the jury is waived, the instances are rare and the conditions exceptional which will justify the presiding judge in conducting an extensive examination. (*People* v. *Giacomino*, 347 Ill. 523.) The extent to which a judge may indulge in the examination of witnesses largely rests in his discretion but in its exercise he must not forget the function of a judge and assume that of an advocate.

It must be kept in mind that there were three persons on trial and each testified in his own behalf. The examination of the other two defendants was comparatively lengthy, yet at the conclusion of the trial the court found them not guilty. Defendant states that in the questioning, the court became an advocate, particularly a partial one, and suggests that the questions propounded the three defendants by the court was an effort to further implicate this defendant. We cannot reconcile the significance defendant's counsel placed upon the court's attitude with the record. The testimony of the codefendants, Barcaro and Testa, conflicted with their signed statements. The trial judge, as a seeker of truth, was justified in making such inquiries as are disclosed by the record. It is our opinion that there was no abuse of discretion by the trial judge or an indicated hostility on his part toward the present defendant.

As a last assignment of error defendant contends the evidence does not prove the defendant guilty beyond a reasonable doubt. He argues that, taking People's exhibits 2 and 3 as competent evidence, there is no connection between the two. A review of People's exhibit 2, the delivery receipt, discloses the merchandise came from shipper "B2062"

and was placed on trailer No. 30198. People's exhibit 3, the manifest, discloses that the merchandise was shipped by shipper "B2062." In addition, People's exhibit 2, the delivery receipt, indicating that 926 boxes of liquor loaded on trailer No. 30198, carries the notation "cust ord W743." People's exhibit 3, the manifest, discloses that "W743" was the purchase order number or shipping consent number. In addition to the numerical coincidence of the two exhibits, there was the testimony of the general claim agent from Decatur Cartage Company. Considering all the evidence in the record we believe it clearly established that the serial numbered cases of liquor were on trailer No. 30198 and that Decatur Cartage Company had possession or custody of those serial numbered cases of liquor.

We find no reversible error in the record. The judgment of the criminal court of Cook County is, therefore, affirmed.

*Judgment affirmed.*