**People of the State of Illinois, Plaintiff-Appellee, v. A. W. Siegmund, Defendant-Appellant.**

**Gen. No. 11,131.**

Fourth District.

December 30, 1969.

Robert E. Williams, of Bloomington, for appellant.

Paul R. Welch, State's Attorney, of Bloomington, and David M. Coogan, Assistant State's Attorney, for appellee.

SMITH, J.

The defendant here seeks only a reduction of sentence. The statute imposes a penalty of $1,000 fine or one to fourteen years in the penitentiary, or both, on a conviction of forgery. Ill Rev Stats 1967, c 38, § 17–3. The State's Attorney recommended a sentence of two to ten years. Defense counsel urged a sentence of two to five years. The court imposed a sentence of two to eight years on the defendant's plea of guilty. The sentence imposed is within the statutory limits and there appears to be considerable unanimity as to the minimum among

those who knew the defendant and his record best. There is nothing in this record that suggests we can with propriety tamper with the two-year minimum.

The defendant urges that it is the eight-year maximum that offends against the modern day purpose of penology to rehabilitate an offender. From the hearing in mitigation and aggravation, we note that the defendant is thirty-three years of age, has the equivalent of a two-year college education, served six years and eight months of a two-to-ten-year sentence for burglary in Texas beginning in 1959, that apparently at some time was returned to that institution as a parole violator, that he had a prior conviction in 1958 for burglary and was sentenced for one to three years, that there was a previous conviction for false pretenses with six months served in Vandalia, that he married in 1966 and forged the $157 check involved in this case not because he needed money but "I did it to get away from my wife because I couldn't just walk away from her."

■ ■ These facts do not remotely suggest that a reduction in the maximum sentence would bring about a more speedy rehabilitation of this defendant. The sentence is within the limits prescribed by the Legislature, provides a reasonable spread between the minimum and maximum for timely rehabilitation and does not appear to be a departure from the spirit and the purpose of the law which would justify this court in substituting its judgment for that of the trial court on sentence. People v. Hicks, 35 Ill2d 390, 220 NE2d 461.

The judgment of the trial court is affirmed.

. Affirmed.

CRAVEN, P. J. and TRAPP, J., concur.