(No. 42111.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
W. Q. THOMPSON, Appellant.

*Opinion filed April 1, 1971.*

STEVEN GRAND-JEAN, of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago, (JAMES B. ZAGEL, Assistant Attorney General, and ROBERT A. NOVELLE and ALAN M. POLIKOFF, Assistant State's Attorneys, of counsel,) for the People.

Mr. CHIEF JUSTICE UNDERWOOD delivered the opinion of the court:

Defendant W. Q. Thompson was convicted of burglary in a Cook County circuit court jury trial. The appeal comes directly here on constitutional grounds. 43 Ill.2d R. 302(b).

Officer Phillip Duhr of the Chicago police department testified at a hearing on defendant's motion to suppress his alleged statements as well as at trial. On both occasions, Officer Duhr stated that he had been on patrol with Officer Garcia and Sergeant Thomas Ehmann at 8:55 P.M. on April 5, 1968. At that time, during a period of civil disorder, he observed a man enter the Wenger Drug Store through a broken window. The store was not open for business; it had been ransacked, and merchandise was scattered on the floor. Officers Duhr and Garcia entered the store with guns drawn, and discovered defendant under a counter, in a prone position, with a large paper bag in his possession. Officer Duhr told him to come out and place his hands over his head. Immediately upon arising, the officer stated, defendant "asked for a break, stating he had a large family and needed the money." Officer Duhr placed him under arrest and then advised him of his rights. When he asked defendant if he understood, Thompson replied, according to the officer: "Yes, but how about a break, I got a large family, I need the money." In cross-examining Duhr at trial, the defense established that his written arrest re-

port did not mention warning defendant as to his rights, the defendant's statement, the paper bag, or defendant's clothing. Officer Garcia had moved out of the State, was no longer with the police department, and did not testify. Sergeant Ehmann, who had waited at the window of the store, testified only at trial. He confirmed that Officers Duhr and Garcia arrested defendant inside the store; however, he was approximately 20 feet away at the time of the arrest, and although he was within hearing range, he did not recall Thompson making any statement at that time. Defendant testified that he was arrested while on the sidewalk near the drug store. He denied entering the store, denied making any statement, and claimed he was not advised of his rights upon arrest. To impeach defendant's credibility as a witness, the State introduced a certified copy of his Cook County circuit court conviction for rape in 1965. Defendant was then denied permission to retake the stand to testify that the prior conviction was in the process of appeal.

Defendant first argues that the trial court committed reversible error in denying the motion to suppress, since it failed to specifically find that defendant's statements were voluntarily made. Defendant relies upon *Sims* v. *Georgia,* 385 U.S. 538, 544, 17 L.Ed. 2d 593, 598, 87 S. Ct. 639, 643, where the court concluded, "Although the judge need not make formal findings of fact or write an opinion, his conclusion that the confession is voluntary must appear from the record with unmistakable clarity." Upon denying defendant's motion in this case, the court merely announced its belief that Thompson had been arrested inside the store, rather than outside as defendant had claimed. However, in answer to an identical challenge where, as here, a separate preliminary hearing was held for the sole purpose of determining the admissibility of defendant's statements, we have held that "the denial of the defendant's motion to suppress constituted a sufficient finding that the confession was voluntary." (*People* v. *Carter,* 39 Ill.2d 31, 38.) We therefore

find that the requirement of *Sims* v. *Georgia* has been satisfied in this case.

Defendant further contends that even granting the sufficiency of the court's ruling under *Sims* v. *Georgia,* the denial of the motion to suppress was error under *Miranda* v. *Arizona,* 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602. We disagree. The *Miranda* ruling was primarily directed at incommunicado interrogation at the stationhouse, in which the accused is subjected to the inherent compulsion of a police-dominated atmosphere. Specifically excepted were the traditional investigatory functions of the police, including general on-the-scene questioning in the fact-finding process, where "the compelling atmosphere inherent in the process of in-custody interrogation is not necessarily present." (384 U.S. at 477-81, 16 L. Ed. 2d at 726, 86 S. Ct. at 1629-31.) Thus, statements made in response to routine investigatory questions, asked during a brief initial period of noncoercive detention and designed to clarify a suspicious circumstance, have often been held admissible under *Miranda.* (See *e.g., Lowe* v. *United States* (9th cir. 1969), 407 F.2d 1391; *Allen* v. *United States* (D.C. cir. 1968), 390 F.2d 476, mod. 404 F.2d 1335; *Arnold* v. *United States* (9th cir. 1967), 382 F.2d 4; *White* v. *United States* (D.C. App. 1966), 222 A.2d 843; *People* v. *Bey,* 45 Ill.2d 535; *State* v. *Madson,* 274 Minn. 145, 142 N.W.2d 724; *State* v. *Bradford* (Mo. 1968), 434 S.W.2d 497; *People* v. *Kenny* (Sup. Ct. 1966), 53 Misc. 2d 527, 279 N.Y.S. 2d 198; *State* v. *Perry,* 43 Ohio Opinions 2d 434, 14 Ohio St. 2d 256, 237 N.E.2d 891; *Fritts* v. *State* (Okla. Crim. App. 1968), 443 P.2d 122.) We need not determine whether routine questioning in the situation here would be permissible under *Miranda,* however, since that ruling deals only "with the admissibility of statements obtained from an individual who is subjected to custodial police interrogation * * *." (384 U.S. at 439, 16 L. Ed. 2d at 704, 86 S. Ct. at 1609.) We cannot accept defendant's

suggestion that the mere act of arresting him at gunpoint constituted custodial interrogation "by non-verbal methods * * * emanating from a hostile police-dominated atmosphere." In stating the limits of its ruling in *Miranda,* the Supreme Court emphasized that, "The fundamental import of the privilege while an individual is in custody is not whether he is allowed to talk to the police without the benefit of warnings and counsel, but whether he can be interrogated." (384 U.S. at 478, 16 L. Ed. 2d at 726, 86 S. Ct. at 1630.) The *Miranda* ruling thus applies only to statements actively and purposely elicited. "By custodial interrogation, we mean questioning initiated by law enforcement officers * * *." (384 U.S. at 444, 16 L. Ed. 2d at 706, 86 S. Ct. at 1612.) There is no evidence whatever that any interrogation elicited Thompson's statements, and we therefore find no violation of *Miranda.*

We now face a variety of issues centering upon the State's use of a 3½-year-old rape conviction to impeach defendant's credibility as a witness. Following defendant's testimony, the State introduced a certified "Conviction Statement", reporting Thompson's indictment for rape, the date and presiding judge for the arraignment, the plea of not guilty, the date and presiding judge for the trial, the jury's verdict of guilty, the judgment and sentence of the court, and the date thereof. Defendant relies primarily upon *Burgett* v. *Texas,* 389 U.S. 109, 19 L. Ed. 2d 319, 88 S. Ct. 258, arguing that the trial court committed reversible error by permitting introduction of the conviction statement, since there was no affirmative showing in the conviction statement that defendant had been represented by counsel or had waived counsel at the rape trial. The State proposes that *Burgett* be read narrowly, avoiding its application to the use of a prior conviction for impeachment purposes. However, we do not find it necessary to decide this question.

Objections to evidence may be waived by failure to interpose proper objections in apt time, even though based

upon constitutional grounds. (*People* v. *Trefonas,* 9 Ill.2d 92, 98; *People* v. *McCrimmon,* 37 Ill.2d 40, 47; *People* v. *Hicks,* 35 Ill.2d 390, 395; see *Mapp* v. *Ohio,* fn. 9, 367 U.S. 643, 659, 6 L. Ed. 2d 1081, 1092, 81 S. Ct. 1684, 1693.) The rationale underlying the procedural waiver doctrine is a sound one, based upon the need for timely resolution at trial of evidentiary questions. The salutary consequence of the waiver rule is that "A party cannot sit by and permit evidence to be introduced without objection and upon appeal urge an objection which might have been obviated if made at the trial." (*People* v. *Trefonas,* 9 Ill.2d 92, 98.) While the rule of waiver by failure to object at trial need not control on appeal where substantial rights are involved (see our Rule 615(a), 43 Ill.2d R. 615(a)), we believe it is particularly appropriate in the context of a challenge under *Burgett.*

At the time the State moved to introduce the conviction statement in evidence, the defense stipulated to its certification, and made no objection to its admission. Under these circumstances, all objections to the use of the prior conviction were waived. Furthermore, we note parenthetically that defendant's argument under *Burgett* is specious—he did in fact have counsel at the rape trial. See opinion of the appellate court affirming that conviction, *People* v. *Thompson,* 91 Ill. App. 2d 34.

Following admission of the prior conviction for the purpose of impeaching his credibility as a witness, defendant offered to prove that the conviction was in the process of appeal. The trial court's exclusion of this evidence is cited as reversible error. While defendant concedes that pendency of an appeal does not affect the admissibility of the conviction for impeachment purposes (*People* v. *Bey,* 42 Ill.2d 139), he nonetheless contends that it is relevant and admissible for rehabilitation. We need not consider this issue at length, since the conviction had at that time been affirmed on appeal by the appellate court (see *People* v. *Thompson,*

91 Ill. App. 2d 34), and all that remained was disposition by this court of defendant's petition for leave to appeal (subsequently denied) from the affirmance. While our language in *Bey* may suggest that the pendency of a direct appeal as of right could be relevant and admissible for rehabilitation, we are of the opinion that the pendency of review in other stages, or in other forms, is not sufficiently relevant to qualify for admission. We therefore find no error in the trial court's ruling here.

The final contention on appeal is that the element of intent was not proved beyond a reasonable doubt. The Criminal Code provides, in pertinent part, that "A person commits burglary when without authority he knowingly enters or without authority remains within a building  *  *  * with intent to commit therein a felony or theft." (Ill. Rev. Stat. 1967, ch. 38, par. 19—1(a).) While the gravamen of the offense of burglary is the intent with which the building is entered (*People* v. *Soznowski,* 22 Ill.2d 540), the element of intent may ordinarily be shown only by circumstantial evidence. We have accordingly held, "that in the absence of inconsistent circumstances, proof of unlawful breaking and entry into a building which contains personal property that could be the subject of larceny gives rise to an inference that will sustain a conviction of burglary." (*People* v. *Johnson,* 28 Ill.2d 441, 443.) In this case, two police officers testified to defendant's presence in the ransacked store, in which radios and other items were scattered about. It was clearly within the jury's prerogative to believe the two officers rather than defendant, who contended that he had been arrested outside of the store. If defendant's testimony was not believed, there were no circumstances established which were inconsistent with the inference that he entered with the intent to commit theft. Furthermore, while the circumstantial evidence is sufficient alone to prove the element of intent beyond a reasonable doubt, the defendant's statements upon arrest are virtually conclusive on the issue.

The jury was therefore warranted on the evidence in finding defendant guilty of burglary.

There being no reversible error, the judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*