THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* ANTHONY O. LYNCH, Petitioner-Appellant.

(No. 60842;

First District (3rd Division)—September 18, 1975.

Paul Bradley and James R. Streicker, both of State Appellate Defender's Office, of Chicago, for appellant.

. Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Mary Ellen Dienes, and Thomas A. Hill, Assistant State's Attorneys, of counsel), for the People.

PER CURIAM (Before McGloon, P. J., McNamara and Medja, JJ.):

Anthony O. Lynch, petitioner, appeals from the dismissal without an evidentiary hearing of his *pro se* post-conviction petition filed pursuant to the Illinois Post-Conviction Hearing Act (Ill. Rev. Stat. 1973, ch. 38,

par. 122—1 *et seq.*). His only argument on appeal is that he was denied effective assistance of counsel in the post-conviction proceedings.

On September 1, 1971, after a jury trial, petitioner was found guilty of armed robbery and was sentenced to a term of 5 to 17 years. He appealed his conviction, and on September 7, 1973, this court affirmed the judgment of conviction. *People v. Lynch* (1973), 14 Ill.App.3d 568, 302 N.E.2d 688.

On February 13, 1973, while his direct appeal was pending, petitioner filed a *pro se* post-conviction petition in which he alleged numerous violations of his constitutional rights. Counsel who was appointed to represent petitioner elected to stand on the *pro se* petition, and an amended petition was not filed. On March 7, 1974, upon motion of the State, the *pro se* post-conviction petition was dismissed without an evidentiary hearing.

The basis of petitioner's argument is that incompetency of counsel was demonstrated by the fact that his counsel failed to amend his *pro se* post-conviction petition to allege that his original trial counsel was incompetent in that he did not include in the written motion for a new trial petitioner's allegation that he was denied a speedy trial as provided by section 103—5 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 103—5).

Prior to trial petitioner made a motion for discharge under section 103—5 of the Code of Criminal Procedure, alleging that he had not been brought to trial within 120 days of his arrest and incarceration. The motion was denied. At the conclusion of a jury trial at which petitioner was convicted, his trial counsel filed a written motion for a new trial. That motion did not include the claim that he was not brought to trial within 120 days of his arrest. In his direct appeal to this court, petitioner argued that he should have been discharged under section 103—5 of the Code of Criminal Procedure. However, this court, after reviewing the facts, concluded that petitioner's failure to include this argument in his written motion for a new trial constituted a waiver and the argument would not be considered on appeal..

■ The Illinois Supreme Court set forth the standards for representation in post-conviction proceedings in *People v. Slaughter* (1968), 39 Ill.2d 278, 235 N.E.2d 566. There the court held that an attorney appointed to represent an indigent defendant must consult with him personally or by mail, examine the trial record and amend the post-conviction proceeding where necessary. This doctrine has been codified in Supreme Court Rule 651(c) (Ill. Rev. Stat. 1973, ch. 110A, par. 651(c)). The failure of appointed counsel to amend a post-conviction petition does not in itself establish inadequate or incompetent representation unless

there is a showing that the petition could have been amended to state a case upon which post-conviction relief could be granted. *People v. Goodwin* (1972), 5 Ill.App.3d 1091, 284 N.E.2d 430.

In view of this standard we will examine petitioner's claim that his appointed counsel should have amended his *pro se* post-conviction petition to include an allegation that his original trial counsel was incompetent in that he failed to include in the written motion for a new trial the claim that petitioner was entitled to be discharged under section 103—5 of the Code of Criminal Procedure.

A proceeding under the Post-Conviction Hearing Act is a new proceeding for the purpose of inquiring into the constitutional phases of the original conviction which have not already been adjudicated. (*People v. Beckham* (1970), 46 Ill.2d 569, 264 N.E.2d 149.) Where an allegation has been previously considered and rejected by this court, any reconsideration of the same allegation in post-conviction proceedings is barred by the doctrine of *res judicata*. (*People v. Walker* (1972), 6 Ill.App.3d 909, 286 N.E.2d 812.) The concept of *res judicata* includes not only all the issues raised, but any which could have been raised and were not, those being considered waived. (*People v. Adams* (1972), 52 Ill.2d 224, 287 N.E.2d 695.) This rule will be relaxed only where fundamental fairness requires. *People v. Mamolella* (1969), 42 Ill.2d 69, 245 N.E.2d 485.

■■ In the instant case petitioner did not raise in his direct appeal the issue of incompetence of his original trial counsel, despite the fact that the issue was known from the original trial record and could have been presented at that time. His failure constitutes a waiver and petitioner is therefore barred from arguing that issue in post-conviction proceedings. He now seeks to avoid this doctrine by arguing that fundamental fairness requires consideration of this issue. The facts upon which petitioner claims he is entitled to a discharge under section 103—5 of the Code of Criminal Procedure were made part of this record and were extensively briefed by both sides. After a complete review of petitioner's claim we conclude that the issue is not so patently meritorious that fundamental fairness would require a relaxation of the waiver doctrine. In view of our conclusion that petitioner's proposed amendment to his *pro se* post-conviction petition would not have entitled him to post-conviction relief, we hold that the failure of appointed counsel to so amend the *pro se* post-conviction petition does not constitute incompetency.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.