THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIE J. TIDWELL, Defendant-Appellant.

Second District   No. 75-328

Opinion filed April 25, 1977.

William H. Snively, of Rockford, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (Phyllis J. Perko and Barbara A. Preiner, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

Defendant, Willie J. Tidwell, was jointly indicted with one John Henry Faulkner, known as Junior, for armed robbery. A severance was granted. The defendant was tried by a jury, found guilty and sentenced to 4-8 years in the State penitentiary.

On the afternoon of October 20, 1974, the attendant at the Martin Gas station in Rockford, Illinois, was held up by a black male carrying a .357 magnum pistol. Approximately $130 and a coin changer was taken from the attendant by the armed robber, later identified as John Henry Faulkner. The defendant, Willie Tidwell, had parked his car approximately one-half block from the station and after the armed robbery, Faulkner returned to the Tidwell car which then left at a rapid pace and ran a stop sign, almost striking a motor vehicle being operated by John Meckler. Meckler identified the car as a red, 1967 Oldsmobile with out-of-State blue and white license plates. Ernest Bergstrahl observed the defendant's vehicle parked near the Martin Oil station about 10 minutes before the robbery and observed a man running from the Martin station who had a coin changer under his jacket. Bergstrahl followed him until he got into the red Oldsmobile and Bergstrahl took the license number of the vehicle. Bergstrahl identified the defendant, Tidwell, at the trial as being the driver of the red Oldsmobile. Defendant Tidwell was apprehended on October 21 and the red Oldsmobile was identified as being his wife's vehicle.

Upon being given his *Miranda* warnings at the police station after his apprehension, Tidwell admitted that he had driven the defendant Faulkner to the vicinity of the Martin gas station and that he had furnished the defendant Faulkner with the gun used in the robbery. However, at the trial, he testified in his own behalf that he did not know Faulkner was going to hold up the gas station, as he had stated in his signed admission. In this admission Tidwell stated that he and Faulkner had planned to rob a dope peddler in Aurora the day before the instant robbery. They went to the dope peddler's house and were unable to find him. At that time they had Tidwell's gun in their possession. Tidwell testified he spent the night at Faulkner's house and the next afternoon he drove Faulkner to the vicinity of the Martin station, waited for him and then admitted driving away at a rapid speed. In a separate trial Faulkner was found guilty of armed robbery and also sentenced to 4-8 years.

A motion to suppress the admission made by Tidwell was denied after a hearing.

In this appeal the defendant has raised five alleged errors. They are, respectively: (1) that the court erred in denying the defendant's motion to suppress and in admitting defendant's admissions into evidence or, in the alternative, that the court should have deleted that portion of the

admission pertaining to the planned robbery of the dope peddler the day before and that all mention of "dope" should have been deleted from the statement; (2) that defendant was not proven guilty of armed robbery beyond a reasonable doubt; (3) the jury was improperly instructed with regard to the admissions of fact and on the issue of whether the defendant aided or assisted in the commission of the armed robbery; (4) the presentence report should not have included an F.B.I. rap sheet which showed no convictions; and (5) the maximum sentence imposed of 8 years was excessive in view of the fact that the co-defendant received the same sentence while Tidwell was merely the driver of the motor vehicle. We find all of these contentions to be without merit and we affirm.

■■ From our examination of the record we find that this 26-year-old defendant was properly admonished of his rights prior to the taking of his written statement which was, in fact, corrected by him. We do not find any evidence that the defendant, who had completed one year of college, did not thoroughly understand his rights at the time of making the statements which he did make, nor do we find any coercion used by the officers in taking the statement. As to the contention of the defendant that references to the two defendants going to Aurora for the purpose of an armed robbery and other references to the use of narcotics should be deleted, we find this issue was never raised at the motion to suppress or at the trial. For the purpose of discussing this issue herein, we do not differentiate between a confession and the admission made by a defendant.

■■ As to this contention of the defendant, counsel has not furnished us with any authority that these references to the use of narcotics and a possible contemplated armed robbery should have been deleted. Further, there has been no allegation that trial counsel herein was incompetent. However, it is true that the supreme court has held that evidence of other offenses unrelated to the crime for which the defendant is on trial should be deleted unless to do so would severely impair the evidentiary effect of the confession. In *People v. Oden* (1960), 20 Ill. 2d 470, 170 N.E.2d 582, defendant's statement referred to a number of other crimes committed by him. This was amplified by counsel for the State in that case, referring to the defendant "pursuing a career of crime." Defendant therein contended his trial counsel was incompetent. We do not feel that that case is applicable to the situation before us. Here we have no confession of crimes committed by the defendant but merely an explanation of his activities the day prior to the instant offense, together with his explanation for the possession of the weapon and his further statement that he had used and was using narcotics. The fact that this admission may have contained improper matter was not grounds for a mistrial nor was its admission reversible error since the defendant at no time raised any

objection to these statements either at the motion to suppress or at the trial. In *People v. Lynch* (1973), 14 Ill. App. 3d 568, 571, 302 N.E.2d 688, 690, the court considered a statement by the defendant in his confession that "[w]e then left to purchase narcotics." The court pointed out that objections to evidence may be waived by failure of the defense to interpose objections and in doing so cited *People v. Thompson* (1971), 48 Ill. 2d 41, 46, 268 N.E.2d 369, 371, wherein the supreme court said:

> "The salutary consequence of the waiver rule is that 'A party cannot sit by and permit evidence to be introduced without objection and upon appeal urge an objection which might have been obviated if made at the trial.' "

The court thereupon held that defendant's failure to object to the admission of the entire confession was waived and he had no right to challenge the same upon appeal. (*Cf. People v. Akis* (1976), 63 Ill. 2d 296, 299, 347 N.E.2d 733, 735.) Not only did counsel herein fail to seek to have the allegedly improper matter deleted, no instructions were offered as to this issue. It was not raised in the post-trial motion and has been raised for the first time on appeal. We do not feel that the inclusion of these items constitutes reversible error and in the event that it should be considered that it was improper, we fail to find that the same is plain error requiring reversal. Particularly is this true in view of the fact that the defendant himself testified at the trial in great detail as to his use of dope and that he and Faulkner were going to hold up a "heroin man" in Aurora with Tidwell's gun. See *People v. Burage* (1961), 23 Ill. 2d 280, 282-83, 178 N.E.2d 389, 391; *People v. Smith* (1974), 21 Ill. App. 3d 366, 369, 316 N.E.2d 170, 173.

■■■ We next consider the allegation of the defendant that he was not proven guilty beyond a reasonable doubt in that he did not know that Faulkner was going to hold up the gas station. This is controverted by several factors, the first of which is that Tidwell had acquired the gun which was used in the holdup. In addition, he drove Faulkner to the scene of the armed robbery and he drove away at a fast pace after the robbery had been committed. Defendant Faulkner was positively identified by the attendant at the gas station and the defendant Tidwell was identified as the driver of the getaway car. It was a question of fact for the jury to determine whether they believed Tidwell's explanation. In this regard defense counsel contends that the only evidence against Tidwell was circumstantial. With this we do not agree. He was positively identified as being the driver of the getaway car; the car was identified as belonging to the wife of Tidwell; the defendant was observed in the motor vehicle with the motor running at the time the armed robbery was taking place, and was observed fleeing the scene with Faulkner. As pointed out by the State, the mere fact that the defendant attempts to explain his actions on

the basis of innocent participation in the offense does not require that the jury believe the defendant's somewhat constrained explanation of his presence at the scene of the crime.

■■■ The defendant contends that his admission made to the police is not sufficient to warrant an instruction relative to an admission relating to the crime charged in the indictment. (Illinois Pattern Jury Instructions, Criminal No. 3.06.) This instruction reads in pertinent part:

> "You have before you evidence that a defendant made admissions of fact relating to the crime charged in the indictment."

Defendant contends that, inasmuch as he allegedly did not know that Faulkner was going to rob the filling station attendant, that therefore his statement did not relate to the crime. This is a specious argument. His statement included the furnishing of the gun used and his driving to and from the scene of the crime. Defendant further contends that IPI Criminal No. 5.03, being an instruction on responsibility for the act of another (accessory), should not have been given as his theory of innocence is that he did not know that Faulkner was, in fact, going to commit the crime. This, too, is an issue for the jury to determine. The giving of this instruction was not error. No objection was made to this instruction at the time of the trial and the Illinois courts have repeatedly held that failure to object to instructions constitutes waiver in the absence of plain error, which we do not find to be the case herein. In this connection defendant also contends that the court should have given an instruction to the jury on its own volition that the only offense the defendant was guilty of was that of concealing or aiding a fugitive. This instruction was not tendered and it probably was not thought of until this appeal. We find that all of defendant's contentions of error in the instructions were either without merit or waived.

■■ Defendant contends that in the presentence report an F.B.I. rap sheet was set forth which disclosed arrests but did not include information as to disposition of those arrests. It is to be noted that the investigating officer, in preparing the presentence report, stated specifically, "the FBI records here are deemed inapplicable to this report and a copy of these records are [sic] included for informational purposes only." This court has repeatedly stated that it is presumed that in a situation where the trial court is considering the prior record of a defendant he will, in fact, only consider proper evidence and only those offenses resulting in a conviction in his determination of the sentence to be imposed.

■■ The last contention of the defendant is that the maximum sentence of 8 years imposed is excessive. The defendant Tidwell was convicted of armed robbery; he supplied the gun that was used and drove

the car that was used in effectuating the armed robbery. The 4-year sentence imposed is the minimum that may be imposed for armed robbery and the judge's exercise of discretion under the facts of this case will not be disturbed for the trial court is in a far better position to ascertain the proper sentence than the reviewing court. *People v. Hampton* (1969), 44 Ill. 2d 41, 253 N.E.2d 385. The judgment of the trial court is affirmed.

Affirmed.

RECHENMACHER, P. J., and BOYLE, J., concur.