THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
FRANCIS DALE SMITH, Defendant-Appellant.

Fourth District   No. 4—83—0677

Opinion filed May 31, 1984.—Rehearing denied June 29, 1984.

Daniel D. Yuhas and Gary R. Peterson, both of State Appellate Defender's Office, of Springfield, for appellant.

Anthony B. Cameron, State's Attorney, of Quincy (Robert J. Biderman and Linda Welge, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WEBBER delivered the opinion of the court:

Following a jury trial, defendant was convicted of the offense of murder, a violation of section 9—1 of the Criminal Code of 1961 (Ill.

Rev. Stat. 1981, ch. 38, par. 9—1). He was sentenced to a term of 30 years' imprisonment. Defendant appeals his conviction, contending that the trial court erred when it refused to instruct the jury on the included offenses of voluntary manslaughter and involuntary manslaughter. We affirm.

The facts are essentially undisputed. During the early morning hours of October 23, 1982, defendant shot Thomas Shoop with a handgun. Shoop died as the result of a single bullet penetrating his heart. The shooting occurred in the Urban Cowboy Lounge in Quincy, Illinois. Several witnesses testified that they observed defendant and Shoop conversing in the bar. According to these observers, Shoop suddenly raised his hands into a surrender position; defendant drew a gun from his coat and fired it at Shoop, who fell to the floor mortally wounded. Defendant then exited the lounge, entered a car, and drove away.

Defendant, at trial, did not contest the fact that he shot the victim. Rather, he claimed that he had no recollection of the incident because he was intoxicated at the time. Considerable evidence was presented which tended to prove defendant's alleged intoxication. Defendant testified that he had not eaten anything for approximately 24 hours prior to the evening of October 22. Defendant claimed that at about 6 p.m. on that date he consumed approximately 15 Librium tablets. He claimed to have drunk as many as a dozen whiskey and Cokes before arriving at the Urban Cowboy. Defendant testified that he continued to drink while there. Expert testimony indicated that a person of defendant's age and build who had consumed the aforementioned quantities of drugs and alcohol would exhibit symptoms which could vary from mental and physical retardation to a coma.

Given this evidence, the jury was instructed on the affirmative defense of voluntary intoxication. (See Ill. Rev. Stat. 1983, ch. 38, par. 6—3.) The jury, however, rejected defendant's defense and returned a verdict of guilty to the charge of murder.

Defendant does not contest the propriety of the jury's verdict. Instead, he argues that the jury was improperly instructed. Defendant notes that in a series of cases culminating with *People v. Hicks* (1966), 35 Ill. 2d 390, 220 N.E.2d 461, our supreme court recognized that the defense of voluntary intoxication is, in a proper case, a mitigating factor which may reduce the offense of murder to manslaughter. In *Hicks*, the court stated that in order to require a manslaughter instruction on such grounds, the evidence must indicate that the accused's intoxication was " 'so great as to entirely suspend his power of reasoning ***. (*People v. Minzer*, 358 Ill. 345).' " (*People v. Hicks*

(1966), 35 Ill. 2d 390, 397, 220 N.E.2d 461.) In *Hicks*, the court concluded that an instruction on manslaughter was properly refused by the trial court because the record contained insufficient evidence of the defendant's intoxication. In this case, defendant argues that substantial evidence of his intoxication was presented. Accordingly, defendant claims that the jury could have found him guilty of the included offense of voluntary manslaughter, and he urges that the trial court erred when it refused to instruct on this offense.

■ We note initially that defendant raises this argument for the first time on appeal. Although defendant tendered an instruction on voluntary manslaughter, defense counsel's argument on the instruction was limited to his contention that the jury could have concluded that defendant shot the victim after having had an argument with him. Defendant has abandoned this claim on appeal. We, therefore, conclude that defendant has waived any contention that his alleged intoxication entitled him to an instruction on voluntary manslaughter.

Moreover, defendant has failed to demonstrate error. The rule relied upon by defendant had its origin in *People v. Cochran* (1924), 313 Ill. 508, 145 N.E. 207. The court, in that case, recognized two degrees of homicide: murder, which required proof of malice aforethought, and manslaughter, which did not. It stated:

> "From an examination of the authorities in this and other States we are of the opinion that the true rule is, that where intoxication is so extreme as to suspend entirely the power of reason and the accused is incapable of any mental action he cannot be convicted of any crime which involves intent or malice, but that he can be convicted for committing, while in such state of intoxication, a crime which consists only of the doing of acts which are prohibited by law and in which intent, deliberation or malice is not an element." (313 Ill. 508, 519, 145 N.E. 207, 212.)

Thus, under this analysis, a defendant could properly have been convicted of manslaughter even if his extreme intoxication negated the intent required for murder.

■ *Hicks* and the cases which preceded it, however, interpreted the law in this State as it existed prior to the passage of the Criminal Code of 1961 (Ill. Rev. Stat. 1983, ch. 38, par. 1—1 *et seq.*). Murder no longer requires proof of malice aforethought. (See Ill. Rev. Stat. 1983, ch. 38, par. 9—1.) Voluntary manslaughter is defined as follows:

> "A person who kills an individual without lawful justification commits voluntary manslaughter if at the time of the killing he is acting under a sudden and intense passion resulting from se-

rious provocation by:

(1) The individual killed, or

(2) Another whom the offender endeavors to kill, but he negligently or accidentally causes the death of the individual killed.

Serious provocation is conduct sufficient to excite an intense passion in a reasonable person.

(b) A person who intentionally or knowingly kills an individual commits voluntary manslaughter if at the time of the killing he believes the circumstances to be such that, if they existed, would justify or exonerate the killing under the principles stated in Article 7 of this Code [justifiable use of force]." (Ill. Rev. Stat. 1983, ch. 38, par. 9—2.)

Under this statutory scheme, we believe that while drunkenness may contribute to a sudden and intense passion or may play a part in a defendant's mistaken belief of self-defense, voluntary intoxication is simply an affirmative defense which, in and of itself, is an insufficient mitigating factor to reduce the crime of murder to voluntary manslaughter. In order for a defendant to be entitled to an instruction on this offense, he must present some evidence that he was provoked into a sudden and intense passion or acted under the mistaken belief of self-defense. The record in this case sustains neither of these propositions. There was nothing in the record to indicate that the slaying stemmed from a serious argument between defendant and the victim. No witness testified that the victim threatened the defendant in any manner. On the contrary, all witnesses who observed the shooting testified that the victim raised his hands in a submissive position prior to being shot. Defendant's testimony offered no insight into his motive for the shooting. He claimed to have no knowledge of the event. On these facts, defendant was either guilty of murder or nothing at all.

Defendant refers us to the case of *People v. Woollums* (1981), 93 Ill. App. 3d 144, 416 N.E.2d 725. In that case, we stated in *dictum* that the defense of voluntary intoxication may reduce the degree of homicide from murder to voluntary manslaughter so that a voluntary manslaughter instruction must be given to the jury if requested. We do not believe, however, that our statement in *Woollums* can be interpreted as requiring the trial court to instruct the jury on voluntary manslaughter in every case in which the jury is instructed on the defense of voluntary intoxication. As already stated, a defendant's intoxication is only one factor which should be considered when weighing the propriety of an instruction on voluntary manslaughter. The trial court properly refused defendant's instruction on this offense.

■■ ■ Defendant also contends that the court erred in refusing to

instruct the jury on the offense of involuntary manslaughter. Involuntary manslaughter is an offense which occurs without the intent to kill and death results from acts which were recklessly performed. (*People v. Santiago* (1982), 108 Ill. App. 3d 787, 439 N.E.2d 984.) There was nothing in this case to indicate that Shoop was accidentally shot. The fact that he died as a result of a single bullet through the heart argues that defendant's actions were intentional. Some of the witnesses who observed the shooting testified that after the victim fell to the floor, defendant again aimed his gun at him, threatening to shoot. Under these circumstances, the trial court's refusal to instruct on involuntary manslaughter was also proper.

For all the foregoing reasons, the judgment of the circuit court of Adams County is affirmed.

Affirmed.

GREEN and MILLER, JJ., concur.