The People of the State of Illinois, Plaintiff-Appellee,
v. William Gabe Smith, Defendant-Appellant.

Gen. No. 64–12.

Third District.

July 7, 1964.

Sinnett, Rink & Coryn, of Rock Island (John R.
Coryn and Paul E. Rink, of counsel), for appellant.

William G. Clark, Attorney General, of Springfield (Richard Stengel, State's Attorney, of Rock Island, and Robert L. Ellison, Assistant State's Attorney, of counsel), for appellee.

CULBERTSON, P. J.

This is an appeal by defendant, William Gabe Smith, from the Circuit Court of Rock Island County, County Division. Defendant was charged by Criminal Information with keeping a gambling place in violation of section 28-3 of the Illinois Criminal Code of 1961. Defendant waived trial by jury, and upon trial by the Court without a jury, was found guilty, and on said finding of guilty, fined $200 and costs.

Section 28-3 (keeping a gambling place) of chapter 38 of the Illinois Revised Statutes of 1961, reads as follows:

> "A 'gambling place' is any real estate, vehicle, boat or any other property whatsoever used for the purposes of gambling. Any person who knowingly permits any premises or property owned or occupied by him or under his control to be used as a gambling place shall be fined not to exceed $500 or imprisoned in a penal institution other than the penitentiary not to exceed one year, or both. For each subsequent conviction, such person shall be fined not to exceed $1,000 or imprisoned in the penitentiary from one to three years, or both. When any premises is determined by a court having jurisdiction to be a gambling place:
>
> "(a) Such premises is a public nuisance and may be proceeded against as such, and
>
> "(b) All licenses, permits or certificates issued by the State of Illinois or any subdivision or public agency thereof authorizing the serving of food or liquor on such premises shall be void; and no

license, permit or certificate so cancelled shall be reissued for such premises for a period of 60 days thereafter; nor shall any person convicted of keeping a gambling place be reissued such license for one year from his conviction, and

"(c) Such premises of any person who knowingly permits thereon a violation of any section of this Article shall be held liable for, and may be sold to pay any unsatisfied judgment that may be recovered on any unsatisfied fine that may be levied under any section of this Article."

We are not aware of nor has any case passed upon by a court of Review been brought to our attention having to do with section 28-3 of the Illinois Criminal Code of 1961.

Appellant contends with vigor that it was incumbent on the people to prove "knowledge" on the part of the defendant that he knowingly permitted his tavern to be used as a gambling place, and that said proof must meet the requirement of proof beyond a reasonable doubt.

The uncontradicted evidence in this case discloses the defendant, William Gabe Smith, on November 24, 1962, was the owner and operator of the New Frontier Lounge, a tavern, located at 121–18th Street, Rock Island, Illinois. The evidence also disclosed that at about 1:00 a.m. on November 24, 1962, Police Sergeant Cherry, Police Sergeant James Moss, Police Officers Ott and Goldsberry of the Rock Island Police Department, were dispatched to the New Frontier Tavern. Upon entering the tavern they noticed ten to fifteen people there, some at the bar and others at the booths. The defendant was tending bar and waiting on the booths. Toward the back end of the bar, about forty feet from the front door, the police saw three men. One of these men had a dice cup in his hand and there was money on the bar in front of them. The

363

police did not observe the men throwing the dice. The three men were Hauman, Rothlauf, and Henkel. The dice, dice cup and money were confiscated by the police officers, and the three men were placed under arrest and taken into custody. Sergeant Cherry testified that the defendant was tending bar when he entered the tavern and was not near the three men at the rear of the bar. Cherry also testified he saw no gambling take place, as did the witness Moss.

The witness Rothlauf testified that he arrived at the New Frontier at about 10:00 p.m. on November 23, 1962, and that he had about fifteen drinks from the time he arrived there until he left. Henkel asked Rothlauf to shake dice, and Henkel then got the dice cup from the defendant, and Henkel, Hauman, and Rothlauf started to shake dice for drinks and for money. The defendant served the three of them several drinks. The witness Hauman testified he arrived at the New Frontier with his wife, at about 10:00 p.m., and that someone asked him to shake dice for drinks and he got in the game, and at first they just played for drinks, but later they made side bets. Neither the defendant nor the complainant, John R. Henkel, testified on the trial of this case.

██ With the requirement as to "knowledge" and proof of defendant's guilt beyond a reasonable doubt, we agree. Defendant having furnished the dice cup and dice, and being personally present in the building where gambling took place at the time it took place, we believe that the requirement of proof of knowledge beyond a reasonable doubt was met.

██ Defendant also contends that one instance of gambling by patrons in a tavern, without participation by the owner or operator of the tavern, does not render said tavern a gambling place within the meaning of section 28-3. A reading of section 28-3 does not bring us to the contended for meaning of said section.

The section is couched in plain, unambiguous language, and we believe it to apply to the evidence produced on the trial of this case. The Section not only provided for a penalty for the first offense, but has a somber warning concerning a second offense.

█ This case was tried before the court without a jury, and is entitled to affirmance unless it appears to this court, as a court of Review, that the evidence upon which this verdict of guilty has its basis, is so palpably conflicting as to indicate the verdict was the result of passion and prejudice, or that defendant had not been proven guilty beyond a reasonable doubt. Where a defendant is tried without a jury, the Trial Judge is peculiarly suited to determine questions of truthfulness, and a Reviewing Court will not readily substitute its own conclusion unless the proof is so unsatisfactory as to justify a reasonable doubt of guilt (People v. Boney, 28 Ill2d 505, 192 NE2d 920).

A review and consideration of the evidence produced on the trial of this case, persuades us that the verdict of guilty is amply supported by the evidence, that the defendant was proven guilty beyond a reasonable doubt, as charged in the Information. The judgment finding the defendant guilty is hereby affirmed.

Affirmed.

SCHEINEMAN and ROETH, JJ., concur.