THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ARTHUR R. TAYLOR, Defendant-Appellant.

(No. 73-200;

Third District—April 30, 1975.

Michael W. Hogan, of Lansing, Michigan, for appellant.

Michael Mihm, State's Attorney, of Peoria (James Christy, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

After a trial by jury in the Circuit Court of Peoria County, defendant, Arthur Taylor, was found guilty of keeping a gambling place in violation of section 28—3 of the Criminal Code (Ill. Rev. Stat., ch. 38, par. 28—3). Defendant's motion for a new trial was denied, and he was fined $200 and costs. Defendant contends on appeal that the evidence was insufficient to prove him guilty beyond a reasonable doubt, that the trial court erred in instructing the jury and that it was error to allow items not in evidence to be taken into the jury room.

The prosecution's uncontroverted testimony disclosed that an Illinois State officer in plain clothes entered the 26 North Tavern in Peoria on October 12 of 1971 and, in the course of a casual conversation with the bartender, inquired into the possibility of placing a bet on the baseball world series. The bartender said that the betting board for the world series was filled up, but that other boards were open for professional football games. The bartender brought two boards to the officer who placed bets on the outcome of two professional football games, giving his wager to the bartender.

As a result of this preliminary investigation, a search of the premises was conducted pursuant to a warrant on October 15, 1971, and items were seized which were identified as gambling equipment. Among the items seized were gambling cards which were kept in the public view and also world series and professional football betting boards. At the time the search was initiated, defendant was not present on the premises, but was summoned to the tavern by the bartender after the search had commenced.

The evidence also showed that the tavern where the gambling allegedly occurred was licensed to a corporation of which defendant was listed as Secretary, and that the liquor license application for the year 1971 contained defendant's signature as "Manager or Agent." A special agent for the Illinois Liquor Control Commission testified that defendant had been present in the tavern during routine inspections and that he knew defendant to be the operator of the tavern.

At the close of the State's evidence, the defendant moved for a directed verdict. This motion was denied, and the defense offering no evidence, the case was submitted to the jury, which returned a verdict of guilty. Under the express terms of the statute (Ill. Rev. Stat., ch. 38, par. 28—3), the prosecution had to prove beyond a reasonable doubt three elements of the crime charged: (1) that defendant owned, occupied or controlled the premises where 26 North Tavern was located; (2) that the premises were used for gambling; and (3) that defendant knowingly permitted such use. (*People v. Perry*, 34 Ill.2d 229, 215 N.E.2d 229

(1966).) Defendant contends on appeal that the State did not prove any of these elements beyond a reasonable doubt and consequently that his motion for directed verdict should have been granted.

The evidence introduced to establish defendant's occupancy and control of the premises consisted of the testimony that defendant was an officer of the corporate liquor licensee and that he was operator and manager of the tavern. After carefully reviewing that testimony, we are convinced that the evidence was sufficient to sustain the jury's determination that defendant occupied and controlled the premises at 26 North Tavern.

The second element to be proven, that gambling occurred on the premises, was clearly shown by the testimony of the witness who placed wagers with the bartender on two football betting boards at the bar on October 12.

■■ As proof of defendant's knowledge that gambling occurred on the premises, witnesses testified that betting cards and boards were on public view next to the cash register at the bar. Although there was no direct evidence that gambling occurred in defendant's presence, we think a reasonable inference can be drawn that the manager who was frequently in the tavern must have known of the gambling devices that were in plain view, and that he permitted gambling on the premises. See *People v. Landry,* 123 Ill.App.2d 86, 259 N.E.2d 604 (1st Dist. 1970).

■■ In a jury trial of a criminal case, the determination of the credibility of the witnesses and the weight to be given their testimony is committed to the jury. On review, we may not substitute our conclusion for those findings unless the proof is so unsatisfactory, improbable or implausible as to justify a reasonable doubt as to defendant's guilt. (*People v. Mitchell,* 45 Ill.2d 148, 258 N.E.2d 345 (1970); *People v. Roti,* 2 Ill. App.3d 264, 276 N.E.2d 480 (1st Dist. 1971); *People v. Smith,* 50 Ill. App.2d 361, 200 N.E.2d 748 (3d Dist. 1964).) We are persuaded that the evidence here was not so unsatisfactory, improbable or implausible as to warrant disturbing the verdict of guilty. *People v. Roti.*

■■ Defendant also contends that the trial court erred in giving IPI Criminal Instruction 20.07 which defined the elements of the crime of keeping a gambling place. At the trial, defendant objected to this instruction because it was incomplete in failing to define the term "gambling." Defendant now urges that the definition of gambling as contained in IPI 20.01, 20.02, or 20.03 and 20.04 should have been given. Defendant did not offer any such instruction on his own behalf, and, in view of the evidence in this case, we are not persuaded that jury was in any way misled by the instruction given. (See *People v. Gersbacher,* 44 Ill.2d 321, 255 N.E.2d 429 (1970); *People v. Moore,* 19 Ill.App.3d 334, 311 N.E.2d

401 (3d Dist. 1974).) It has been repeatedly held that a defendant who fails to tender an instruction cannot claim error by the court's failure to give such an instruction. (*People v. Springs*, 51 Ill.2d 418, 283 N.E.2d 225 (1972); *People v. Brown*, 18 Ill.App.3d 1049, 310 N.E.2d 498 (2d Dist. 1974).) Defendant in the present case must therefore suffer with his failure to request that instruction.

■■ Lastly, defendant complains that the trial court erred in allowing exhibits not admitted into evidence to be taken into the jury room when the jury retired. The record before this court does not identify these exhibits, and does not show that defendant made this objection at the trial. Accordingly, this question cannot properly be considered on appeal. *People v. Thompson*, 48 Ill.2d 41, 268 N.E.2d 369 (1971).

We believe that the jury verdict of guilty is supported by the evidence and that no substantial errors were committed by the trial court during the trial. The judgment finding defendant guilty is therefore affirmed.

Judgment affirmed.

ALLOY and BARRY, JJ., concur.