OPINION
{¶ 1} Defendant-appellant Jerry A. Hosier appeals from his convictions and sentences in the Morgan County Court of Common Pleas on one count of trafficking in marijuana, i.e. preparing for shipment or distribution, in an amount exceeding two hundred grams but less than one thousand grams, a felony of the fourth degree in violation of R.C. 2925.03(A)(2)(C)(3)(c); one count of possession of LSD, in an amount exceeding fifty unit doses but less than two hundred fifty unit doses, a felony of the third degree in violation of R.C. 2925.11(A)(C)(5)(c); one count of possession of marijuana in an amount exceeding two hundred grams but less than one thousand grams, a felony of the fifth degree in violation of R.C. 2925.11(A)(C)(3)(c). Plaintiff-appellee is the State of Ohio. The following facts give rise to this appeal.
 {¶ 2} On December 8, 2004 the Grand Jury for Morgan County, Ohio returned an indictment against appellant alleging one count of trafficking in LSD in an amount exceeding ten unit doses but less than fifty unit doses, a felony of the fourth degree in violation of R.C. 2925.03(A)(1)(c)(5); one count of trafficking in marijuana, i.e. preparing for shipment or distribution, in an amount exceeding two hundred grams but less than one thousand grams, a felony of the fourth degree in violation of R.C.2925.03(A)(2)(C)(3)(c); one count of possession of LSD, in an amount exceeding fifty unit doses but less than two hundred fifty unit doses, a felony of the third degree in violation of R.C.2925.11(A)(C)(5)(c); one count of possession of marijuana in an amount exceeding two hundred grams but less than one thousand grams, a felony of the fifth degree in violation of R.C.2925.11(A)(C)(3)(c); and one count of carrying a concealed weapon, a felony of the fourth degree in violation of R.C.2923.12(A).
 {¶ 3} Appellant plead not guilty. No pre-trial motions were filed on behalf of appellant; nor did trial counsel file a request for discovery or a request for a bill of particulars. Appellant's case proceeded to a jury trial on May 17, 2005.
 {¶ 4} Appellant's trial counsel did not make an opening statement to the jury. The sole witness to testify at trial was Sheriff Tom Jenkins.
 {¶ 5} Sheriff Jenkins testified that on January 25, 2003 officers had received information which led them to believe that appellant had a large quantity of drugs and a loaded handgun in a vehicle. (T. at 26). Officers proceed to the Malta Manufacturing parking lot and placed appellant under arrest. (Id. at 29-30; 31). Sheriff Jenkins was not present when appellant was taken into custody. (Id. at 30). Appellant was taken to jail while the officers obtained a warrant to search a Kenworth Tractor Trailer semi-truck and a pick-up truck parked next to the Kenworth. (Id. at 28-29; 30; 38). Sheriff Jenkins remained outside while other officers searched the interior of the semi truck. (Id. at 363-7).
 {¶ 6} The keys to the truck were found inside the driver's compartment. (T. at 35-36). A temporary license plate tag for the vehicle and a bill of sale for the vehicle were also recovered from the driver's compartment. (Id. at 35; 46). The truck also had a sleeper berth that was six feet deep and extended the width of the driver's compartment. (Id. at 43). Inside this area was a bunk, shelving and a cabinet. (Id.).
 {¶ 7} A loaded nine millimeter pistol was found on a self. (Id. at 43-44). Sixty unit does of LSD were recovered from inside a greeting card found on the top shelf of the sleeper. (Id. at 45). On the bottom self of the cabinet in the sleeper area officers recovered a white plastic bag containing two plastic bags. The first plastic bag had four smaller baggies containing marijuana; the second bag contained six baggies of marijuana. (Id. at 45-46). The officers did not collect items of personal clothing and hygiene found in the sleeper area of the truck. (Id. at 56). Appellant's trial counsel stipulated to the identity and weight of the drugs recovered from the Kenworth truck. (Id. at 57).
 {¶ 8} On direct examination Sheriff Jenkins testified that the bill of sale and temporary license tag for the truck were written out to appellant. (Id. at 35). However, on cross examination the witness testified that he was mistaken and in fact a Jeremy Wardreff owned the truck in which the drugs and the handgun were found. (Id. at 798-0). The witness further noted that the vehicle was registered to Mr. Wardreff. (Id. at 80). The witness further testified that the handgun was in plain view to anyone standing on the steps of the semi's cab and looking inside the window. (Id.). Sheriff Jenkins testified that he had seen appellant operate the truck on previous occasions, but he could not remember the dates. (Id. at 79). Further the witness admitted that he had not seen appellant sleep in the truck. (Id. at 83). However, appellant admitted to the officer that he was asleep in the truck prior to the deputies arriving to arrest him. (Id.). Further, appellant requested the return of the keys to the truck after his release from custody so he could use the truck pending disposition of this case. (Id. at 35-36). The keys were in fact returned to appellant. (Id.).
 {¶ 9} Appellant did not testify or present any evidence.
 {¶ 10} The jury returned verdicts of guilty on the charges of trafficking in marijuana, possession of LSD, and possession of marijuana. The trial court sentenced appellant to a term of seventeen months on the trafficking in marijuana count; three years on the possession of LSD count and eleven months on the possession of marijuana count. The trial court ordered the sentences to run concurrently.
 {¶ 11} Appellant timely appeals raising the following errors for our review:
 {¶ 12} "I. THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 13} "II. THE DEFENDANT WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL."
 I. {¶ 14} In his First Assignment of Error, appellant maintains that his convictions for trafficking in marijuana, possession of LSD and possession of marijuana are against the weight of the evidence. We disagree.
 {¶ 15} Our standard of reviewing a claim a verdict was not supported by sufficient evidence is to examine the evidence presented at trial to determine whether the evidence, if believed, would convince the average mind of the accused's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St. 3d 259.
 {¶ 16} The Supreme Court has explained the distinction between claims of sufficiency of the evidence and manifest weight. Sufficiency of the evidence is a question for the trial court to determine whether the State has met its burden to produce evidence on each element of the crime charged, sufficient for the matter to be submitted to the jury.
 {¶ 17} Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, syllabus 1.
 {¶ 18} In State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541, the Ohio Supreme Court held "[t]o reverse a judgment of a trial court on the basis that the judgment is not sustained by sufficient evidence, only a concurring majority of a panel of a court of appeals reviewing the judgment is necessary." Id., paragraph three of the syllabus. However, to "reverse a judgment of a trial court on the weight of the evidence, when the judgment results from a trial by jury, a unanimous concurrence of all three judges on the court of appeals panel reviewing the case is required." Id., paragraph four of the syllabus; State v. Miller
(2002), 96 Ohio St.3d 384, 2002-Ohio-4931 at ¶ 38,775 N.E.2d 498.
 {¶ 19} Appellant's argument focuses upon whether or not the record contains sufficient evidence of appellant's possession of the drugs in question. More specifically, he argues that the evidence was insufficient to establish appellant's ownership or dominion and control of the truck in which the drugs were found. Appellant additionally asserts that the finding of not guilty with respect to the carrying a concealed weapons charge is inconsistent with the findings of guilty with respect to the drug charges.
 {¶ 20} The Ohio Supreme Court has held that an inconsistency in a verdict cannot arise out of inconsistent responses to different counts. State v. Brown (1984), 12 Ohio St.3d 147,465 N.E.2d 889, syllabus; Griffin v. State (1868), 18 Ohio St. 438,444-445. The court has held that an inconsistency can only arise when the jury gives inconsistent responses to the same count.Brown, 12 Ohio St.3d at syllabus. The court explained that each count in an indictment charges a distinct offense and is independent of all other counts. Following that reasoning, the court found that a jury's decision as to one count is independent of and unaffected by the jury's finding on another count.
 {¶ 21} Accordingly, in the case at bar, there is no inconsistency in the jury's verdicts. The charges concerning the drug offenses are independent of and unaffected by the jury's finding with respect to the charges concerning the weapon. That leaves for our consideration appellant's claims that the verdict pertaining to the drug offenses are against the sufficiency and weight of the evidence.
 {¶ 22} Appellant was convicted of one count of possession of LSD and one count of possession of marijuana, both in violation of R.C. 2925.11(A), which states: "(A) No person shall knowingly obtain, possess, or use a controlled substance." Appellant was also convicted of one count of trafficking in marijuana in violation of R.C. 2925.03, which states: "(A) No person shall knowingly do any of the following:
 {¶ 23} "* * *
 {¶ 24} "2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person".
 {¶ 25} The culpable mental state of "knowingly" is defined as follows: "[a] person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
 {¶ 26} Whether a person acts knowingly can only be determined, absent a defendant's admission, from all the surrounding facts and circumstances, including the doing of the act itself." State v. Huff (2001), 145 Ohio App.3d 555, 563,763 N.E.2d 695. (Footnote omitted.) Thus, "[t]he test for whether a defendant acted knowingly is a subjective one, but it is decided on objective criteria." State v. McDaniel (May 1, 1998), Montgomery App. No. 16221, (citing State v. Elliott
(1995), 104 Ohio App.3d 812, 663 N.E.2d 412).
 {¶ 27} R.C. 2925.01(K) defines possession as follows: " `Possess' or `possession' means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C.2901.21 provides the requirements for criminal liability and provides that possession is a "voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of the possessor's control of the thing possessed for sufficient time to have ended possession." R.C. 2901.21(D) (1).
 {¶ 28} Possession may be actual or constructive. State v.Haynes (1971), 25 Ohio St.2d 264, 267 N.E.2d 787; State v.Hankerson (1982), 70 Ohio St.2d 87, 434 N.E.2d 1362, syllabus. To establish constructive possession, the evidence must prove that the defendant was able to exercise dominion and control over the contraband. State v. Wolery (1976), 46 Ohio St.2d 316, 332,348 N.E.2d 351. Dominion and control may be proven by circumstantial evidence alone. State v. Trembly,137 Ohio App.3d 134, 738 N.E.2d 93. Circumstantial evidence that the defendant was located in very close proximity to readily usable drugs may show constructive possession. State v. Barr (1993),86 Ohio App.3d 227, 235, 620 N.E.2d 242, 247-248; State v.Morales, 5th Dist. No. 2004 CA 68, 2005-Ohio-4714 at ¶ 50;State v. Moses, 5th Dist. No. 2003CA00384, 2004-Ohio-4943
at ¶ 9. Ownership of the drugs need not be established for constructive possession. State v. Smith, 9th Dist. No. 20885, 2002-Ohio-3034, at ¶ 13, citing State v. Mann, (1993)93 Ohio App.3d 301, 308, 638 N.E.2d 585. Furthermore, possession may be individual or joint. Wolery, 46 Ohio St.2d at 332,348 N.E.2d 351.
 {¶ 29} If the State relies on circumstantial evidence to prove an essential element of an offense, it is not necessary for "`such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction."' State v.Jenks (1991), 61 Ohio St.3d 259, 272, 574 N.E.2d 492 at paragraph one of the syllabus. "`Circumstantial evidence and direct evidence inherently possess the same probative value[.]"'Jenks, 61 Ohio St.3d at paragraph one of the syllabus. Furthermore, "`[s]ince circumstantial evidence and direct evidence are indistinguishable so far as the jury's fact-finding function is concerned, all that is required of the jury is that i[t] weigh all of the evidence, direct and circumstantial, against the standard of proof beyond a reasonable doubt."'Jenks, 61 Ohio St.3d at 272, 574 N.E.2d 492. While inferences cannot be based on inferences, a number of conclusions can result from the same set of facts. State v. Lott (1990),51 Ohio St.3d 160, 168, 555 N.E.2d 293, citing Hurt v. Charles J. RogersTransp. Co. (1955), 164 Ohio St. 329, 331, 130 N.E.2d 820. Moreover, a series of facts and circumstances can be employed by a jury as the basis for its ultimate conclusions in a case.Lott, 51 Ohio St.3d at 168, 555 N.E.2d 293, citing Hurt,164 Ohio St. at 331, 130 N.E.2d 820.
 {¶ 30} Upon a careful review of the record and upon viewing the direct and circumstantial evidence in the light most favorable to the prosecution, this Court cannot conclude that the jury lost its way and created a manifest miscarriage of justice when it found appellant guilty of the three drug offenses. A reasonable juror could have found that, at the least, appellant had dominion and control over and constructive possession of the truck containing the drugs, and that he had knowledge of the marijuana and LSD found inside the truck. See Hankerson,
70 Ohio St.2d at syllabus. The State had presented evidence that appellant asked for and received the keys to the truck upon his release from custody, that the Sheriff had seen appellant operate the truck on previous occasions, and further that appellant admitted to the officer that he was asleep in the truck at the time the officers arrived to arrest him. Thus appellant could have exercised dominion and control over the truck and the contents of the sleeper area of the truck. See, e.g., State v.King (Sept. 18, 1996), 9th Dist. No. 95CA006173.
 {¶ 31} Viewing this evidence linking appellant to the truck and hence the drugs located inside the sleeper area of the vehicle in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that appellant had committed the crimes as set forth in Counts Two, Three and Four of the indictment.
 {¶ 32} We hold, therefore, that the state met its burden of production regarding each element of those crimes and, accordingly, there was sufficient evidence to support appellant's convictions.
 {¶ 33} The arguments that appellant may have not owned the truck, nor was it registered in his name, and that the drugs and other items found may not have actually belonged to him, are ultimately inconsequential. See Smith at ¶ 13. See, e.g.,State v. Grundy (Dec. 9, 1998), 9th Dist. No. 19016, citingState v. Johnson (July 11, 1990), 9th Dist. No. 14371.
 {¶ 34} In Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 81, 461 N.E.2d 1273, the Ohio Supreme Court explained: "[a] reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." See, also State v. DeHass (1967),10 Ohio St.2d 230, syllabus 1.
 {¶ 35} As an appellate court, we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, a judgment supported by competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St. 2d 279,376 N.E. 2d 578.
 {¶ 36} Although appellant cross-examined Sheriff Jenkins to expose that he was mistaken concerning the ownership of the truck, and had no personal knowledge that appellant had slept in the truck, the trier of fact was free to accept or reject any and all of the evidence offered by the appellant and assess the witness's credibility. "While the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight or sufficiency of the evidence". State v.Craig (Mar. 23, 2000), Franklin App. No. 99AP7-39, citing Statev. Nivens (May 28, 1996), Franklin App. No. 95APA09-1236 Indeed, the jurors need not believe all of a witness' testimony, but may accept only portions of it as true. State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21, citing State v.Antill (1964), 176 Ohio St. 61, 67, 197 N.E.2d 548.; State v.Burke, Franklin App. No. 02AP-1238, 2003-Ohio-2889, citingState v. Caldwell (1992), 79 Ohio App.3d 667, 607 N.E.2d 1096. Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. State v. Jenks (1991), 61 Ohio St. 3d 259,574 N.E. 2d 492.
 {¶ 37} We conclude the trier of fact, in resolving the conflicts in the evidence, did not create a manifest miscarriage of justice so as to require a new trial. Viewing this evidence in a light most favorable to the prosecution, we further conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant possessed marijuana and LSD and that appellant knew or has reasonable cause to believe that the marijuana was intended for sale or resale by the offender or another person.
 {¶ 38} Accordingly, appellant's convictions for the three drug offenses were not against the manifest weight of the evidence.
 {¶ 39} Appellant's first assignment of error is overruled.
 II. {¶ 40} In his second assignment of error appellant maintains he received ineffective assistance of counsel. Appellant maintains that counsel failed to request discovery and a bill of particulars, failed to file any substantive motions of appellant's behalf, and failed to adequately cross-examine the State's only witness concerning evidence that appellant did not own or possess the truck in which the drugs were found on the day in question.
 {¶ 41} The standard for reviewing claims for ineffective assistance of counsel was set forth in Strickland v. Washington
(1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. Ohio adopted this standard in the case of State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel.
 {¶ 42} First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and violated any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudice by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. We apply the Strickland test to all claims of ineffective assistance of counsel, either trial counsel, or appellate counsel. State v. Godfrey, (Ohio App. 5 Dist. 1999) 1999 WL 770253 *1.
 {¶ 43} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley,42 Ohio St. 3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 44} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
 {¶ 45} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley at 143, quoting Strickland at 697. Accordingly, we will direct our attention to the second prong of the Strickland test.
 {¶ 46} "When counsel focuses on some issues to the exclusion of others, there is a strong presumption that he did so for tactical reasons rather than through sheer neglect. SeeStrickland, 466 U.S., at 690, 104 S.Ct. 2052 (counsel is `strongly presumed' to make decisions in the exercise of professional judgment). Moreover, even if an omission is inadvertent, relief is not automatic. The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight. See Bell, supra, at 702,122 S.Ct. 1843; Kimmelman v. Morrison, 477 U.S. 365, 382,106 S.Ct. 2574, 91 L.Ed.2d 305 (1986); Strickland, supra, at 689,104 S.Ct. 2052; United States v. Cronic, 466 U.S. 648, 656,104 S.Ct. 2039, 80 L.Ed.2d 657 (1984)". Yarborough v. Gentry
(2003), 540 U.S. 1, 8, 124 S.Ct. 1, 6.
 {¶ 47} The Ohio Supreme Court has stated "[w]e will ordinarily refrain from second-guessing strategic decisions counsel make at trial, even where counsel's trial strategy was questionable. State v. Clayton (1980), 62 Ohio St.2d 45, 49, 16 O.O.3d 35, 402 N.E.2d 1189." State v. Myers (2002),97 Ohio St.3d 335, 362, 780 N.E.2d 186, 217.
 {¶ 48} The decision to forego discovery could be a sound trial strategy, albeit one that was ultimately unsuccessful. SeeState v. Williams (Mar. 27, 1991), Lorain App. No. 90CA004830, citing State v. Flors (1987), 38 Ohio App.3d 133, 139,528 N.E.2d 950. The reasonableness of counsel's determination concerning the extent, method and scope of any criminal discovery necessarily depends upon the particular facts and circumstances of each case. State v. Wilson (Oct. 22, 1992), Cuyahoga App. No. 61199; State v. Allen, 10th Dist. No. 02AP-862, 2003-Ohio-1114 at ¶ 7.
 {¶ 49} The decision not to make an opening statement is a tactical decision that will not ordinarily rise to the level of ineffective assistance of counsel. State v. Bradley (1989),42 Ohio St.3d 136 at 144; State v. Williams (1991),74 Ohio App.3d 686, at 700. See also, Yarborough v. Gentry (2003), 540 U.S.1,124 S.Ct. 1. [Closing statement].
 {¶ 50} Further, "`[t]he failure to object to error, alone, is not enough to sustain a claim of ineffective assistance of counsel.'" State v. Fears (1999), 86 Ohio St.3d 329, 347,715 N.E.2d 136, quoting State v. Holloway (1988),38 Ohio St.3d 239, 244, 527 N.E.2d 831.
 {¶ 51} However, the courts have cautioned that when the record "is insufficient to show whether the alleged wrongful acts could be considered sound trial strategy," the matter is best considered in a petition for post conviction relief.
 {¶ 52} Where the issue concerns the substance of out-of-court conversations between the defendant and his counsel, the record and files in the case are often of limited usefulness, and an evidentiary hearing may be necessary to resolve disputed issues of fact. State v. Milanovich (1975), 42 Ohio St.2d 46, 49-50,327 N.E.2d 504; Tower v. Phillips, (11th Cir, 1992), 876 F. 2d 807. Downs-Morgan v. United States, (11th Cir, 1985),765 F. 2d 1534, 1541. The Ohio Supreme Court has held that if a claim for ineffective assistance of counsel is based upon facts of not appearing in the record, Section 2953.21 of the Ohio Revised Code provides a procedure whereby a criminal defendant can present evidence of counsel's ineffectiveness through an evidentiary hearing. State v. Copperrider (1983), 4 Ohio St. 3d 226, 228. "When the record `is insufficient to show whether the alleged wrongful acts could be considered sound trial strategy,' we will not review the defendant's ineffective assistance of counsel claims for the first time on direct appeal". United State v.Kincaide (6th Cir 1998), 145 F.3d 771. (Quoting UnitedStates v. Snow, 48 F.3d 198,199).
 {¶ 53} The record before us is insufficient to allow us to assess the merits of appellant's assertions of error. The second assignment of error is overruled because we cannot determine on the record before us whether defense counsel violated an essential duty to his client when he did not engage in discovery, present evidence, file substantive motions and did not adequately cross examine the only witness presented by the State upon the issue of the ownership and possession of the truck. Such a determination can best be made after giving defense counsel an opportunity to explain his reasons for not objecting to the charge. Such testimony can be obtained in a post-conviction proceeding. However, it is for the trial court to decide whether appellant is entitled to an evidentiary hearing if such a motion is filed by appellant. We caution that this Court express no view concerning the likelihood of appellant's success upon any such motion.
 {¶ 54} Appellant's second assignment of error is overruled.
 {¶ 55} The decision of the Morgan County Court of Common Pleas is affirmed.
By Gwin, P.J., Hoffman, J., and Edwards, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the decision of the Morgan County Court of Common Pleas is affirmed. Costs to appellant.