OPINION
{¶ 1} Defendant-Appellant, Jerry A. Hosier, appeals the decision of the Morgan County Court of Common Pleas denying his Petition for Post-Conviction Relief. Appellee is the State of Ohio.
 STATEMENT OF FACTS AND THE CASE {¶ 2} On May 17, 2005, Appellant was convicted and sentenced on one count of trafficking in marijuana, i.e. preparing for shipment or distribution, in an amount exceeding two hundred grams but less than one thousand grams, a felony of the fourth degree in violation of R.C.2925.03(A)(2)(C)(3)(c); one count of possession of LSD, in an amount exceeding fifty unit doses but less than two hundred fifty unit doses, a felony of the third degree in violation of R.C. 2925.11(A)(C)(5)(c); and one count of possession of marijuana in an amount exceeding two hundred grams but less than one thousand grams, a felony of the fifth degree in violation of R.C. 2925.11(A)(C)(3)(c).
 {¶ 3} At trial, Appellant's trial counsel did not make an opening statement to the jury. The sole witness to testify at trial was Sheriff Tom Jenkins.
 {¶ 4} Sheriff Jenkins testified that on January 25, 2003 officers had received information which led them to believe that appellant had a large quantity of drugs and a loaded handgun in a vehicle. (T. at 26). Officers proceed to the Malta Manufacturing parking lot and placed appellant under arrest. (Id. at 29-30; 31). Sheriff Jenkins was not present when appellant was taken into custody. (Id. at 30). Appellant was taken to jail while the officers obtained a warrant to search a Kenworth Tractor Trailer semi-truck and a pick-up truck parked next to the Kenworth. (Id. at 28-29; 30; 38). Sheriff Jenkins *Page 3 
remained outside while other officers searched the interior of the semi truck. (Id. at 36-37).
 {¶ 5} The keys to the truck were found inside the driver's compartment. (T. at 35-36). A temporary license plate tag for the vehicle and a bill of sale for the vehicle were also recovered from the driver's compartment. (Id. at 35; 46). The truck also had a sleeper berth that was six feet deep and extended the width of the driver's compartment. (Id. at 43). Inside this area was a bunk, shelving and a cabinet. (Id.).
 {¶ 6} A loaded nine millimeter pistol was found on a shelf. (Id. at 43-44). Sixty unit does of LSD were recovered from inside a greeting card found on the top shelf of the sleeper. (Id. at 45). On the bottom self of the cabinet in the sleeper area officers recovered a white plastic bag containing two plastic bags. The first plastic bag had four smaller baggies containing marijuana; the second bag contained six baggies of marijuana. (Id. at 45-46). The officers did not collect items of personal clothing and hygiene found in the sleeper area of the truck. (Id. at 56). Appellant's trial counsel stipulated to the identity and weight of the drugs recovered from the Kenworth truck. (Id. at 57).
 {¶ 7} On direct examination Sheriff Jenkins testified that the bill of sale and temporary license tag for the truck were written out to appellant. (Id. at 35). However, on cross examination the witness testified that he was mistaken and in fact, a Jeremy Wardreff[1] owned the truck in which the drugs and the handgun were found. (Id. at 79-80). The witness further noted that the vehicle was registered to Mr. Wardreff. (Id. at 80). *Page 4 
 {¶ 8} The witness further testified that the handgun was in plain view to anyone standing on the steps of the truck cab and looking inside the window. (Id.). Sheriff Jenkins testified that he had seen appellant operate the truck on previous occasions, but he could not remember the dates. (Id. at 79). Further, the witness admitted that he had not seen appellant sleep in the truck. (Id. at 83). However, appellant admitted to the officer that he was asleep in the truck prior to the deputies arriving to arrest him. (Id.). Further, appellant requested the return of the keys to the truck after his release from custody so he could use the truck pending disposition of this case. (Id. at 35-36). The keys were in fact returned to appellant. (Id.).
 {¶ 9} Appellant did not testify or present any evidence.
 {¶ 10} Appellant filed his notice of appeal of his conviction and sentence on July 8, 2005. In his appeal, Appellant argued ineffective assistance of counsel and that the verdict was against the manifest weight of the evidence. The trial transcript was filed with this Court on September 21, 2005.
 {¶ 11} On March 8, 2006, Appellant filed a Petition for Post-Conviction Relief with the trial court. This Court issued its decision in State of Ohio v. Jerry A. Hosier, 5th Dist. No. 2005-CA-016, 2006-Ohio-5540, on October 20, 2006, affirming Appellant's conviction. The trial court then denied Appellant's petition for post-conviction relief stating, "The court, having received the opinion of the Court of Appeals in this matter and finding that it now has jurisdiction over the Petition for Judicial Release filed by the Defendant, hereby denies said Petition without hearing."[2] (Judgment Entry, Nov. 13, 2006). It is from this decision Appellant now appeals. *Page 5 
 {¶ 12} Appellant raises two Assignments of Error:
 {¶ 13} "I. THE DEFENDANT WAS DENIED HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 14} "II. THE TRIAL COURT ERRED IN FAILING TO GRANT THE DEFENDANT'S PETITION FOR POST CONVICTION RELIEF BASED UPON THE DENIAL OF THE EFFECTIVE ASSISTANCE OF COUNSEL."
 I., II. {¶ 15} We will address Appellant's Assignments of Error simultaneously because they involve similar arguments. Appellant claims the trial court erred in denying his petition for post-conviction relief based upon ineffective assistance of counsel. We disagree.
 {¶ 16} R.C. 2953.21(A) states, in part, as follows: "(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."
 {¶ 17} A post conviction proceeding is a collateral civil attack on a criminal conviction. State v. Calhoun (1999), 86 Ohio St.3d 279, 281,714 N.E.2d 905; State v. Phillips, 9th Dist. No. 20692, 2002-Ohio-823. In order to obtain post conviction relief, a petitioner must show that "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the *Page 6 
Constitution of the United States [.]" R.C. 2953.21; State v.Watson (1998), 126 Ohio App.3d 316, 323, 710 N.E.2d 340.
 {¶ 18} Appellant filed his petition for post-conviction relief while his direct appeal was pending before this Court. Appellant stated his petition was based upon matters outside the record, specifically that his trial counsel was ineffective for failing to introduce any evidence at trial or call witnesses, did not demand discovery or the bill of particulars, did not object at trial to the introduction of evidence, did not interview witnesses that could be used at trial, and did not call a witness that could have testified that Appellant did not own or use the truck in which the drugs were found. Appellant attached as exhibits to his petition a Proof of Purchase Affidavit with Jereme J. Wardip listed as the purchaser of the truck in question, the registration card of Jereme J. Wardip for the truck, the affidavit of Jereme J. Wardip, and Appellant's affidavit.
 {¶ 19} On October 20, 2006, we affirmed the decision of the trial court in State of Ohio v. Jerry A. Hosier, 5th Dist. No. 2005-CA-016, 2006-Ohio-5540. Appellant had also argued in this direct appeal that he was denied his right to the effective assistance of counsel. He maintained that counsel failed to request discovery and a bill of particulars, failed to file any substantive petitions on Appellant's behalf, and failed to adequately cross-examine the State's only witness concerning evidence that Appellant did not own or possess the truck in which the drugs were found on the day in question. While we overruled Appellant's assignment of error, we did find:
 {¶ 20} "However, the courts have cautioned that when the record `is insufficient to show whether the alleged wrongful acts could be considered sound trial strategy,' the matter is best considered in a petition for post conviction relief." *Page 7 
 {¶ 21} "Where the issue concerns the substance of out-of-court conversations between the defendant and his counsel, the record and files in the case are often of limited usefulness, and an evidentiary hearing may be necessary to resolve disputed issues of fact. State v.Milanovich (1975), 42 Ohio St.2d 46, 49-50, 327 N.E.2d 504; Tower v.Phillips, (11th Cir, 1992), 876 F.2d 807. Downs-Morgan v. UnitedStates, (11th Cir, 1985), 765 F.2d 1534, 1541. The Ohio Supreme Court has held that if a claim for ineffective assistance of counsel is based upon facts of not appearing in the record, Section 2953.21 of the Ohio Revised Code provides a procedure whereby a criminal defendant can present evidence of counsel's ineffectiveness through an evidentiary hearing. State v. Copperrider (1983), 4 Ohio St.3d 226, 228. `When the record `is insufficient to show whether the alleged wrongful acts could be considered sound trial strategy,' we will not review the defendant's ineffective assistance of counsel claims for the first time on direct appeal.' United State v. Kincaide (6th Cir1998), 145 F.3d 771. (QuotingUnited States v. Snow, 48 F.3d 198,199)."
 {¶ 22} "The record before us is insufficient to allow us to assess the merits of appellant's assertions of error. The second assignment of error is overruled because we cannot determine on the record before us whether defense counsel violated an essential duty to his client when he did not engage in discovery, present evidence, file substantive petitions and did not adequately cross examine the only witness presented by the State upon the issue of the ownership and possession of the truck. Such a determination can best be made after giving defense counsel an opportunity to explain his reasons for not objecting to the charge. Such testimony can be obtained in a post-conviction proceeding. However, it is for the trial court to decide whether appellant is *Page 8 
entitled to an evidentiary hearing if such a petition is filed by appellant. We caution that this Court express no view concerning the likelihood of appellant's success upon any such petition." Id. at ¶ 51-53.
 {¶ 23} On November 13, 2006, the trial court denied Appellant's petition of post-conviction relief without a hearing after it received this Court's decision in State of Ohio v. Jerry A. Hosier, 5th Dist. No. 2005-CA-016, 2006-Ohio-5540. We must now determine, cognizant of our findings in Appellant's previous appeal, whether the trial court erred in denying Appellant's petition for post-conviction relief without a hearing.
 {¶ 24} Under R.C. 2953.21, a petitioner seeking post-conviction relief is not automatically entitled to an evidentiary hearing. State v.Jackson (1980), 64 Ohio St.2d 107, 110, 413 N.E.2d 819. In order for an indigent petitioner to be entitled to an evidentiary hearing in a post-conviction relief proceeding on a claim that he was denied effective assistance of counsel, the two-part test in Strickland v.Washington (1984), 466 U.S. 668, is to be applied. Hill v. Lockhart
(1985), 474 U.S. 52, 58; State v. Lylte (1976), 48 Ohio St.2d 391;State v. Bradley (1989), 42 Ohio St.3d 136; State v. Cole, supra,2 Ohio St.3d at 114. The petitioner must prove that: (1) counsel's performance fell below an objective standard of reasonable representation; and (2) there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different. Id.;State v. Johnson, 5th Dist. No. 2006-CA-04,2007-Ohio-1685.
 {¶ 25} In determining whether a hearing is required, the Ohio Supreme Court in Jackson, supra, stated the pivotal concern is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavits, the files, and records of the case. "[P]ursuant to R.C. 2953.21(C), a trial court properly *Page 9 
denies a defendant's petition for post-conviction relief without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief." State v. Calhoun (1999),86 Ohio St.3d 279, 291, 714 N.E.2d 905.
 {¶ 26} In reviewing a trial court's denial of Appellant's petition for post-conviction relief, absent a showing of abuse of discretion, we will not overrule the trial court's finding if it is supported by competent and credible evidence. State v. Mitchell (1988), 53 Ohio App.3d 117,120, 559 N.E.2d 1370. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 27} Upon review, we find the trial court did not abuse its discretion in denying Appellant's petition for post-conviction relief without a hearing because the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that Appellant set forth sufficient operative facts to establish substantive grounds for relief. First, as we stated in Hosier, supra, the decisions of Appellant's trial counsel could be termed strategic trial decisions that would not rise to the level of ineffective assistance of counsel.Hosier, supra at ¶ 47-50.
 {¶ 28} Appellant's remaining arguments concern whether Appellant's trial counsel was ineffective for his failure to offer more evidence regarding the ownership of the truck where the drugs were found. We find this matter was resolved in Hosier, supra: *Page 10 
 {¶ 29} "Upon a careful review of the record and upon viewing the direct and circumstantial evidence in the light most favorable to the prosecution, this Court cannot conclude that the jury lost its way and created a manifest miscarriage of justice when it found appellant guilty of the three drug offenses. A reasonable juror could have found that, at the least, appellant had dominion and control over and constructive possession of the truck containing the drugs, and that he had knowledge of the marijuana and LSD found inside the truck. See Hankerson, 70 Ohio St.2d at syllabus. The State had presented evidence that appellant asked for and received the keys to the truck upon his release from custody, that the Sheriff had seen appellant operate the truck on previous occasions, and further that appellant admitted to the officer that he was asleep in the truck at the time the officers arrived to arrest him. Thus appellant could have exercised dominion and control over the truck and the contents of the sleeper area of the truck. See, e.g., State v.King (Sept. 18, 1996), 9th Dist. No. 95CA006173."
 {¶ 30} "Viewing this evidence linking appellant to the truck and hence the drugs located inside the sleeper area of the vehicle in a light most favorable to the prosecution, we conclude that a reasonable person could have found beyond a reasonable doubt that appellant had committed the crimes as set forth in Counts Two, Three and Four of the indictment."
 {¶ 31} "We hold, therefore, that the state met its burden of production regarding each element of those crimes and, accordingly, there was sufficient evidence to support appellant's convictions."
 {¶ 32} "The arguments that appellant may have not owned the truck, nor was it registered in his name, and that the drugs and other items found may not have actually *Page 11 
belonged to him, are ultimately inconsequential. See Smith at ¶ 13. See, e .g. State v. Grundy (Dec. 9, 1998), 9th Dist. No. 19016, citingState v. Johnson (July 11, 1990), 9th Dist. No. 14371."
 {¶ 33} "In Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 81,461 N.E.2d 1273, the Ohio Supreme Court explained: "[a] reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." See, also State v.DeHass (1967), 10 Ohio St.2d 230, syllabus 1."
 {¶ 34} "As an appellate court, we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (February 10, 1982), Stark App. No. CA-5758. Accordingly, a judgment supported by competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St. 2d 279,376 N.E. 2d 578."
 {¶ 35} "Although appellant cross-examined Sheriff Jenkins to expose that he was mistaken concerning the ownership of the truck, and had no personal knowledge that appellant had slept in the truck, the trier of fact was free to accept or reject any and all of the evidence offered by the appellant and assess the witness's credibility. `While the jury may take note of the inconsistencies and resolve or discount them accordingly * * * such inconsistencies do not render defendant's conviction against the manifest weight *Page 12 
or sufficiency of the evidence.' State v. Craig (Mar. 23, 2000), Franklin App. No. 99AP-739, citing State v. Nivens (May 28, 1996), Franklin App. No. 95APA09-1236. Indeed, the jurors need not believe all of a witness' testimony, but may accept only portions of it as true.State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21, citing State v. Antill (1964), 176 Ohio St. 61, 67, 197 N.E.2d 548.;State v. Burke, Franklin App. No. 02AP-1238, 2003-Ohio-2889, citingState v. Caldwell (1992), 79 Ohio App.3d 667, 607 N.E.2d 1096. Although the evidence may have been circumstantial, we note that circumstantial evidence has the same probative value as direct evidence. State v.Jenks (1991), 61 Ohio St. 3d 259, 574 N.E. 2d 492."
 {¶ 36} "We conclude the trier of fact, in resolving the conflicts in the evidence, did not create a manifest miscarriage of justice so as to require a new trial. Viewing this evidence in a light most favorable to the prosecution, we further conclude that a rational trier of fact could have found beyond a reasonable doubt that appellant possessed marijuana and LSD and that appellant knew or has reasonable cause to believe that the marijuana was intended for sale or resale by the offender or another person." Hosier, supra at ¶ 30-37.
 {¶ 37} Wardip's affidavit submitted with Appellant's petition reiterates the testimony elicited at trial that he was the owner of the truck on the date in question. Wardip's affidavit, however, does not provide any additional evidence regarding the ownership of the drugs located inside the truck.
 {¶ 38} Accordingly, we find the decision of the trial court to deny Appellant's petition for post-conviction relief to be supported by competent and credible evidence. Reviewing Appellant's petition, supporting affidavits, documentary evidence, files, and *Page 13 
records demonstrates that Appellant did not set forth sufficient operative facts to establish substantive grounds for relief.
 {¶ 39} Appellant's two Assignments of Error are overruled.
 {¶ 40} The judgment of the Morgan County Court of Common Pleas is hereby affirmed.
 Delaney, J. Gwin, P.J. and Wise, J. concur. *Page 14 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Morgan County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] In further records, the name of the owner of the truck, Jeremy Wardreff, is also spelled as "Jereme J. Wardip."
[2] We will assume the trial court termed Appellant's petition as a "Motion for Judicial Release" in error. *Page 1