[Cite as *State v. Kress*, 2018-Ohio-4318.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| RICHARD KRESS | : | Case No. 2018CA00003 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Stark County Court
of Common Pleas, Case No. 2017
CR 1616

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      October 22, 2018

APPEARANCES:

For Plaintiff-Appellee                                For Defendant-Appellant

JOHN D. FERRERO                                 EUGENE CAZANTZES
Prosecuting Attorney                          101 Central Plaza South, Ste. 1000
                                                Canton, Ohio 44702
By: KRISTINE W. BEARD
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza South, Ste. 510
Canton, Ohio 44702-1413

*Baldwin, J.*

{¶1} Appellant, Richard Kress, appeals the December 1, 2017 decision of the Stark County Court of Common Pleas convicting him of felonious assault. Appellee is the State of Ohio.

**STATEMENT OF FACTS AND THE CASE**

{¶2} On Friday, August 18, 2017, Appellant and the victim, Korie Ball, were at Kendall Funk's home on Garden Street in Alliance, Ohio with several other people. At some time in the evening, appellant's girlfriend, Misty, claimed that someone had stolen her drugs. After an unsuccessful search, Appellant and Misty conducted individual strip searches of everyone in the home.

{¶3} After Korie Ball was searched he sat in the living room and began talking with appellant. Appellant and Misty went back into a bedroom, and, when they returned, appellant approached Korie Ball, started pacing back and forth, and stabbed him in the bicep.

{¶4} Korie Ball testified he "was sitting there and [appellant] was pacing back and forth, looked at me and stabbed me." Brittany Burns, Korie's girlfriend, was in the bathroom when she heard Korie Ball scream. She looked out and saw appellant stab Korie Ball in the arm and the profuse bleeding caused by the wound. Kendall Funk claimed appellant "act[ed] like he [was] going to stab" Korie Ball, but he did not believe appellant intended to harm him, but only meant to scare him. Funk stated that Korie Ball jumped when appellant acted like he was going to stab him, and Ball was impaled on the knife as a result of his own movement and not appellant's action. Aleecia Braham also

witnessed the assault and testified that Korie Ball's reaction to appellant's threatening motion caused the injury.

{¶5}   Korie Ball was bleeding profusely as he left Kendall Funk's house.  Misty, took Korie Ball to the hospital and while they were gone, appellant forced Brittany Burns and Aleecia Braham to clean the blood and burn the bloody rags.  When Misty returned from the hospital, appellant left the house after he learned the police would be responding to the scene to investigate the stabbing.

{¶6}   Detective Rebecca Green of the Stark County Sheriff's Office responded to the scene but no one would answer the door.  She did not notice any blood on the premises, but did see a smoking "fire pit" in the yard. Detective Green spoke with Korie Ball after he recovered from surgery, later talked with several witnesses, and used that information to obtain a warrant for appellant's arrest.

{¶7}   On October 13, 2017, the appellant was indicted on one count of felonious assault, a violation of R.C. 2903.11(A)(2) and felony of the second degree. The jury found the appellant guilty and, on December, 5, 2017, the trial court sentenced him to a term of six years.  On January 3, 2018, the appellant filed a timely Notice of Appeal and submitted one assignment of error:

{¶8}   "I. THERE WAS INSUFFICIENT EVIDENCE TO FIND THE APPELLANT GUILTY OF FELONIOUS ASSAULT AND HIS CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

## STANDARD OF REVIEW

{¶9}   On review for sufficiency, the reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v.*

*Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979). On review for manifest weight, the reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983); see also *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin*, *supra* at 175.

{¶10} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 1997-Ohio-260, 674 N.E.2d 1159.

## ANALYSIS

{¶11} In his sole Assignment of Error, appellant argues that there was not sufficient evidence to find him guilty of felonious assault and his conviction was against the manifest weight of the evidence. We disagree.

**{¶12}** Appellant was convicted of felonious assault in violation of R.C. 2903.11(A)(2) which provides in part that "no person shall knowingly *** [c]ause or attempt to cause physical harm to another *** by means of a deadly weapon." "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). A deadly weapon is "any instrument, device, or thing capable of inflicting death, and designed or specifically adapted for use as a weapon, possessed, carried, or used as a weapon. R.C. 2923.11(A). In *State v. Hosier*, 5th Dist. Morgan No. 2005-CA-016, 2006-Ohio-5540, ¶ 26, this court explained that:

> Whether a person acts knowingly can only be determined, absent a defendant's admission, from all the surrounding facts and circumstances including the doing of the act itself. [Citation omitted.] Thus, '[t]he test for whether a defendant acted knowingly is a subjective one, but it is decided on objective criteria. [Citations omitted.]'

**{¶13}** In the case at hand, Appellant concedes that Korie Ball "suffered a serious injury" which was "caused by a knife, a deadly weapon." Appellant's Brief at 9. However, appellant asserts that the evidence is insufficient for a conviction of felonious assault because it does not support the conclusion that he knowingly stabbed Korie Ball. *Id.* Appellant also contends that the conviction was against the manifest weight of the evidence due to issues in witness credibility, a lack of motive or intent to harm Korie Ball, and conflicting witness testimony presented by the State at trial.

{¶14} We have reviewed the record in this matter and conclude the state presented sufficient evidence to establish every element of felonious assault and that the conviction was not against the manifest weight of the evidence. The surrounding facts and circumstances support the jury's conclusion that the appellant acted knowingly when he caused serious physical harm to Korie Ball. Furthermore, the jury did not "lose its way" in resolving conflicts in the evidence or weighing witness credibility.

{¶15} At trial, the State of Ohio called four witnesses to the assault: Brittany Burns, Korie Ball, Kendall Funk, and Aleecia Braham. Brittany Burns and Korie Ball asserted that appellant stabbed Korie Ball. Kendall Funk and Aleecia Braham stated that appellant made a threatening motion toward Korie Ball with a knife, causing Korie Ball to jump and impale himself.

{¶16} The witnesses, whether they embraced the theory that that Korie Ball was directly stabbed by appellant or that Korie Ball "jumped up" into the blade, agreed that the appellant brandished a knife and made some type of threatening motion toward Korie Ball. When viewing the evidence presented in the light most favorable to the prosecution, the jury was free to rely on the testimonies of Brittany Burns and Korie Ball to find that the appellant knowingly stabbed a knife directly into Korie Ball's arm.

{¶17} Alternatively, the testimonies of Kendall Funk and Aleecia Braham were sufficient for the jury to find that the appellant satisfied the knowledge component of the felonious assault. Funk and Braham stated that the appellant intended to scare Korie Ball by lunging toward him with a knife to make him flinch. One who lunges with a knife toward an unsuspecting individual is "aware that his conduct will probably cause a certain result" such as a grievous stab wound.

**{¶18}** Therefore, we hold the state presented sufficient evidence for a jury to find that the appellant acted with the requisite intent for felonious assault.

**{¶19}** Appellant's manifest weight argument focuses on (1) the credibility of the witnesses who admitted on the stand to a history of recreational drug use and (2) the conflicting testimonies offered by the witnesses. However, the weight and credibility to be given each witness's testimony is primarily for the jury to determine. *State v. DeHass* 10 Ohio St.2d at paragraph one of syllabus. Furthermore, appellant claims that the state needed to provide a motive for the stabbing to establish knowledge, but, as noted above, the state carries no such burden because "a person acts knowingly, *regardless of his purpose*, when he is aware that his conduct will probably cause a certain result." R.C. 2901.22(B) (emphasis added).

**{¶20}** Based upon our review of the record, we do not find the jury clearly lost its way in making credibility judgements or resolving testimonial conflicts regarding appellant's intent to stab Korie Ball with a knife in violation of R.C. 2903.11(A)(2).

**CONCLUSION**

{¶21} Based on the foregoing, we find that viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found that appellant committed the offense of felonious assault beyond a reasonable doubt. We further find that the jury did not clearly lose its way in convicting appellant and the conviction did not create such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.   Appellant's sole assignment of error is accordingly overruled. The decision of the Stark County Court of Common Pleas is affirmed.

By: Baldwin, J.

Wise, John, P.J. and

Delaney, J. concur.